**Charles E. GAVETTE, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGE-MENT and Department of the Treasury, Respondents.**

**Appeal No. 84–1286.**

United States Court of Appeals, Federal Circuit.

Feb. 28, 1986.

As Amended March 11, 1986.

Bissell, Circuit Judge, filed opinion dissenting in part in which Markey, Chief Judge, Nies and Archer, Circuit Judges, joined.

Dennis A. Peppler, Gropman & Peppler, P.C., Southfield, Mich., argued, for petitioner.

Robert A. Reutershan, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen. and David M. Cohen, Director, and M. Susan Burnett. Murray Meeker, Office of the General Counsel, Office of Personnel Management, of counsel.

Before MARKEY, Chief Judge, FRIEDMAN, RICH, DAVIS, BALDWIN, BENNETT, SMITH, NIES, NEWMAN, BISSELL, and ARCHER, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

This is an application under the Equal Access to Justice Act [1] (EAJA) for attorney fees and expenses incurred by petitioner Charles E. Gavette (Gavette) in proceedings before the Merit Systems Protection

---

1. Equal Access to Justice Act, Extension and Amendment, Pub.L. No. 99–80, 1985 U.S.CODE CONG. & AD.NEWS (99 Stat.) 183 (to be codified at 5 U.S.C. § 504 and 28 U.S.C. § 2412). *See also* Equal Access to Justice Act, Pub.L. No. 96–481, 1980 U.S.CODE CONG. & AD.NEWS (94 Stat.) 2325.

Board (board)[2] and in the subsequent appeal to the United States Court of Appeals for the Federal Circuit (Federal Circuit).[3]

With respect to services rendered in connection with the board proceedings, the EAJA does not apply, but the application is granted under the Back Pay Act, and the application is remanded to the board for determination of the amount of reasonable fees (but not expenses) to be awarded.

With respect to attorney services rendered in connection with the appeal, Gavette's application under the EAJA is granted and the application is referred to the original panel of three judges who decided the merits for determination of the amount of reasonable fees and expenses to be awarded in connection with appeal.

## Issues

Three issues are presented: (1) whether either the EAJA or the Back Pay Act is applicable to attorney fees and expenses incurred in proceedings before the board in this case; (2) whether the EAJA is applicable to fees and expenses incurred in the appeal to the Federal Circuit; and (3) what is the standard that must be met for an award of fees and expenses under the EAJA.

## Background

Gavette, a GS–12 revenue agent with the Internal Revenue Service (agency) for 18 years, successfully applied to be placed on the promotion roster for GS–13 positions in April 1979. Despite the fact that he had consistently received performance ratings of satisfactory or better, he was placed at the bottom of the promotion roster. Dissatisfied, he filed a grievance through his union steward. He claimed that his group manager (supervisor) had not evaluated his work fairly and he requested a reevaluation.

After this grievance was filed, tension developed between Gavette and his supervisor. Gavette then began to suffer increasingly from an emotional disturbance he had had since 1976. In August 1979 the agency determined that he should undergo a psychological fitness-for-duty examination.

When Gavette was determined to be unfit for duty, the agency notified him that it intended to file an application with the Office of Personnel Management (OPM) for his disability retirement. Gavette opposed the application, and it was rejected by OPM in April 1981 on the ground that the agency failed to document either a deficiency in service caused by a medical condition or the incompatibility of Gavette's medical condition with useful service in his position.

In June 1981 the agency filed a request for reconsideration of the OPM decision, in which it set forth contentions to the effect that Gavette's performance in 1979 demonstrated that his emotional problems rendered him unfit for service. The agency attached a number of memoranda written by Gavette's supervisor in support of the request. On reconsideration, OPM granted the request for disability retirement in February 1982.

Also in June 1981, Gavette requested that the agency furnish him copies of its request for reconsideration and attached documents. The agency refused, citing provisions of the Freedom of Information Act and of the Privacy Act applicable to interagency memoranda and documents prepared in anticipation of litigation. It was not until March 1982, after OPM granted the application for disability retirement, that the agency furnished Gavette with the documents he had requested.

---

**2.** 20 M.S.P.R. 180 (1984).

**3.** *Gavette v. OPM,* 765 F.2d 158 (Fed.Cir.1985) (unpublished opinion on the merits by Cowen, Senior Judge; argued before Markey, Chief Judge, Cowen, Senior Circuit Judge, and Rich, Circuit Judge). The present application for attorney fees and expenses was filed Mar. 4, 1985, and considered by the court, in banc, at OPM's suggestion, because of the important issues involved. Briefs on the issue of attorney fees were filed by the parties, as well as by the National Treasury Employees Union as amicus curiae.

Gavette appealed the OPM decision to the board. The presiding official found that a preponderance of the evidence supported the agency's contention that Gavette's psychological problems rendered him totally unfit for Government service, and that the agency's decision did not involve harmful procedural error.

On appeal to this court, the board's decision was reversed.[4] The agency's refusal to provide Gavette with the material submitted in its request for reconsideration of the OPM decision was found to constitute harmful procedural error. It was noted that if Gavette had had access to this material at the time he requested it, he might have been able to persuade OPM not to grant the application for disability retirement. Additionally, the record indicated that the transfer of Gavette to an alternative position was feasible. Thus, it was found that the agency's failure to certify that no positions were available to which he could be reassigned also constituted harmful procedural error. The case was remanded to the board with instructions that Gavette be awarded back pay. However, the question of his entitlement to attorney fees was not decided.

On March 4, 1985, Gavette filed an application with this court for fees and other expenses under the Equal Access to Justice Act.

### Timeliness

The party seeking an award under the EAJA must submit the application to the court within 30 days of the date when the judgment becomes "final and not appealable."[5] Although the Federal Circuit decided Gavette's appeal on the merits on February 1, 1985, the time for filing a petition for certiorari did not expire until 90 days later.[6] Gavette had an additional 30 days, or a total of 120 days from February 1, to file his application for fees and expenses.[7] Gavette timely filed the application with the Federal Circuit on March 4, 1985.

### Purpose of the EAJA

Generally, there are four situations to which the EAJA applies. Section 2412(b) of 28 U.S.C. extends the common law and statutes which made private parties liable for fees and expenses, so that the United States is liable to the same extent that the private party would be liable. Section 504 of 5 U.S.C. authorizes an agency that conducts an "adversary adjudication" to award fees and expenses incurred in connection with that proceeding. Section 2412(d)(1) of 28 U.S.C. authorizes a court to award fees and expenses incurred in a "civil action," *i.e.*, in court proceedings. Finally, section 2412(d)(3) of 28 U.S.C. authorizes a court in "any action for judicial review of an adversary adjudication" to award fees and expenses incurred in connection with the adversary adjudication.

The 1980 EAJA rested on the premise that individuals and small businesses "may be deterred from seeking review of, or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights."[8] The purpose of the EAJA was to "reduce the deterrents and disparity by entitling certain prevailing parties to recover an award of attorney fees, expert wit-

---

**4.** *See supra* note 3.

**5.** Pub.L. No. 99–80, § 2(c)(2)(G), 1985 U.S. CODE CONG. & AD.NEWS (99 Stat.) at 185. *See also* Federal Circuit Rule 20 (30–day requirement). "If the Government does not appeal an adverse decision, the thirty-day period would begin to run upon expiration of the time for filing the notice of appeal or a petition for certiorari. Thus appealable orders include all discretionary appeals and include writs of certiorari." H.R.REP. NO. 120, Part II, 99th Cong.,

1st Sess. 6 n. 26, *reprinted in* 1985 U.S.CODE CONG. & AD.NEWS 132, 156 n. 26.

**6.** 28 U.S.C. § 2101(c) (1982).

**7.** No petition for certiorari was filed after the February 1, 1985, decision.

**8.** H.R.REP. NO. 1418, 96th Cong., 2d Sess. 5, *reprinted in* 1980 U.S.CODE CONG. & AD.NEWS 4984, 4984.

ness fees and other expenses against the United States." [9]

Prior to the EAJA, under the "American rule," each party was "responsible for the payment of his own attorney fees and other expenses incurred during litigation." [10] "The 'American rule,' however, ha[d] both common law and statutory exceptions." [11] The common law, however, did not hold the United States liable for attorney fees, costs, or expenses unless a statute specifically made the United States liable.[12] Many statutes prior to the EAJA contained specific exceptions as to the liability of the United States.[13] Section 2412 of 28 U.S.C. was enacted to provide a "uniform rule" which would "make such specific exceptions unnecessary." [14]

The 1980 EAJA made two primary changes in the existing law in order to accomplish its purpose.[15] First, in 28 U.S.C. § 2412(b), the EAJA extended the common law and statutory exceptions to make the United States liable for attorney fees to the same extent that private parties would be liable.[16] Section 2412(b) states:

> (b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under

the terms of any statute which specifically provides for such an award.

The House Committee on the Judiciary stated: [17]

> Section 2412(b) permits a court in its discretion to award attorney fees and other expenses to prevailing parties in civil litigation involving the United States to the same extent it may award fees in cases involving other parties.  * * * Thus, under this subsection, cases involving the United States would be subject to the "bad faith", "common fund" and "common benefit" exceptions to the American rule against fee-shifting. The United States would also be liable under the same standards which govern awards against other parties under Federal statutory exceptions, unless the statute expressly provides otherwise.  * * *

Second, in 5 U.S.C. § 504 and in 28 U.S.C. § 2412(d), the EAJA made a "significant change in the existing law regarding attorney fees by establishing a general statutory exception for an award of fees against the Government." [18]

Section 504 of 5 U.S.C. authorizes the award of attorney fees and expenses incurred in "adversary adjudication" in administrative proceedings. "Adversary adjudication," in turn, is defined in 5 U.S.C. § 554(a). "Adversary adjudication" excludes cases involving the "tenure of an employee."

Section 2412(d)(1) of 28 U.S.C. authorizes the award of attorney fees and expenses incurred in "civil actions," i.e., in court

---

**9.** *Id.* at 6, 1980 U.S.CODE CONG. & AD.NEWS at 4984.

**10.** *Id.* at 8, 1980 U.S.CODE CONG. & AD.NEWS at 4986.

**11.** *Id.*

**12.** 28 U.S.C. § 2412 (1982) (Historical and Revision Notes).

**13.** *Id.*

**14.** *Id.*

**15.** Pub.L. No. 96–481, 1980 U.S.CODE CONG. & AD.NEWS (94 Stat.) 2325; H.R.REP. NO. 1418 at 9, 1980 U.S.CODE ·CONG. & AD.NEWS at 4987.

**16.** H.R.REP. NO. 1418 at 9, 17, 1980 U.S.CODE CONG. & AD.NEWS at 4987, 4996.

**17.** *Id.* at 17, 1980 U.S.CODE CONG. & AD.NEWS at 4996.

**18.** *Id.* at 9, 1980 U.S.CODE CONG. & AD.NEWS at 4987.

proceedings. Section 2412(d)(1)(A), as amended in 1985, states:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), *including proceedings for judicial review of agency action,* brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. [Emphasis added to indicate 1985 amendment.]

Thus, section 2412(d)(1) authorizes the court to award fees and expenses incurred in the court proceedings. Section 2412(d)(3) further authorizes the court, in "any action for judicial review of an adversary adjudication" to award fees and expenses incurred in administrative proceedings to the same extent authorized by 5 U.S.C. § 504.

### Fees for Proceedings Before the Board

■ A panel of this court held in *Olsen v. Department of Commerce, Census Bureau* [19] that the EAJA does not apply to proceedings before the board in cases involving "tenure." [20] The *Olsen* decision was affirmed in *Austin v. Department of Commerce.* [21]

The EAJA applies only to "civil actions" and to "adversary adjudications." [22] A civil action is one which involves judicial proceedings; thus, an appeal to the board from an agency is not a civil action. An "adversary adjudication" excludes determinations involving the "tenure of an employee." [23]

Here, 5 U.S.C. § 504 (concerning "adversary adjudication") does not apply to the board proceedings because the case does involve tenure. Also inapplicable is section 2412(d)(3) of 28 U.S.C., which authorizes courts to award attorney fees and expenses incurred in certain administrative proceedings, because the present case is not an "action for judicial review of an adversary adjudication."

We treat Gavette's request for attorney fees for proceedings before the board as a request under the Back Pay Act. [24] Gavette may recover reasonable attorney fees if he shows that he was the prevailing party and that an award of fees would be in the interest of justice. [25]

■ Here, Gavette was the prevailing party, even though the board originally held against Gavette, because this court reversed the board's decision and remanded with instructions to award back pay to Gavette. It is in the interest of justice that Gavette should be awarded attorney fees, because the agency should have given Gavette the information he requested, and the agency should have certified that no positions were available for reassignment.

The Government contests the reasonableness of the amount of fees requested by Gavette for the board proceedings (as well as for the appeal to this court). The present case is unlike *Olsen,* where the amount of fees for the board proceedings was not in dispute, and the court was able

---

**19.** *Olsen v. Department of Commerce, Census Bureau,* 735 F.2d 558 (Fed.Cir.1984).

**20.** *Id.* at 562.

**21.** *Austin v. Department of Commerce,* 742 F.2d 1417, 1419 (Fed.Cir.1984).

**22.** 5 U.S.C. § 504, 28 U.S.C. § 2412 (1982), *amended by* Pub.L. No. 99–80 (1985), *supra* note 1; *Olsen,* 735 F.2d at 562.

**23.** 5 U.S.C. §§ 504(b)(1)(c), 554(a)(2) (as amended).

**24.** 5 U.S.C. § 5596(b)(1) (1982).

**25.** We do not decide here whether or in what circumstances actual payment is a prerequisite to an award of fees under either the Back Pay Act or the EAJA. It is undisputed that Gavette has made actual payment to his attorney of the amount for which he requests reimbursement in the present application.

to award fees without remanding to the board.

In *Keely v. Merit Systems Protection Board*[26] and in *Yorkshire v. Merit Systems Protection Board*,[27] panels of this court remanded fee applications under the Civil Service Reform Act[28] for determination of the amount of reasonable fees to be awarded.

Here, we remand to the board for determination of the amount of reasonable attorney fees to be reimbursed under the Back Pay Act for proceedings before the board. The Back Pay Act does not provide for an award of expenses, but only of attorney fees.[29]

*Fees for Appeal to the Federal Circuit*

A. *Previous Federal Circuit Cases Applying the EAJA.*

■ As noted above, a panel of this court held in *Olsen*, and another panel affirmed in *Austin*, that the EAJA applies to appeals from the board to the Federal Circuit, because such appeals are judicial proceedings or "civil actions" under 28 U.S.C. § 2412(d)(1)(A). We reconsider the applicability of the EAJA in banc, at OPM's suggestion, and we reaffirm *Olsen*.

The conclusion of this court in the *Olsen* opinion that appeals from the board are "civil actions" under section 2412(d)(1)(A) has been reemphasized by Congress in the 1985 amendments, which amendments con-

firmed that a "civil actions" includes an appeal to a court from an administrative proceeding.[30]

The parties, at the request of the court, have briefed the apparent conflict between *Olsen, Hoska v. United States Department of the Army*,[31] and *Miller v. United States*.[32] The parties agree that there is an actual conflict. In *Hoska*, the United States Court of Appeals for the District of Columbia Circuit held that the EAJA had no applicability either to the board proceedings or to the appeal to the court. The *Hoska* opinion did not distinguish between "adversary adjudication"[33] (which definition excludes cases involving tenure) and "civil action"[34] (which definition does not exclude cases involving tenure). Notwithstanding our respect for the District of Columbia Circuit, we continue in our conclusion that the EAJA applies to the appeal from the board. The 1985 amendment to section 2412(d)(1)(A) confirms that conclusion.

In *Miller*, the United States Court of Appeals for the Third Circuit awarded attorney fees under the EAJA for both the board proceedings and the appeal to the court. In *Miller*, the court was correct in applying the EAJA to the appeal, which was a "civil action."[35] However, we disagree with the Third Circuit's applying the EAJA to the board proceedings, because it omitted to consider the effect of the exclu-

**26.** *Keely v. MSPB*, 760 F.2d 246, 249 (Fed.Cir. 1985).

**27.** *Yorkshire v. MSPB*, 746 F.2d 1454, 1459 (Fed. Cir.1984).

**28.** 5 U.S.C. § 7701(g)(1) (1982).

**29.** *See Bennett v. Department of the Navy*, 699 F.2d 1140, 1142–46 (Fed.Cir.1983). (Attorney fees may include small amounts for telephone tolls, postage, and local transportation connected with the case. "These charges are directly related to the services performed by the attorney, are not charges that are normally subsumed within the hourly rate figure, and yet may fairly be described as part of the fee for services rendered." Photocopying, deposition costs, witness fees, and other expenses are "taxable costs" or "expenses," not to be considered

part of an award of attorney fees. Costs and expenses are not recoverable absent express statutory authorization for award of "costs" or "expenses," as under the EAJA.)

**30.** Pub.L. No. 99–80, § 2(a)(2), 1985 U.S.CODE CONG. & AD.NEWS (99 Stat.) 183, 184.

**31.** *Hoska v. United States Dep't of the Army*, 694 F.2d 270 (D.C.Cir.1982).

**32.** *Miller v. United States*, 753 F.2d 270 (3d Cir. 1985).

**33.** 5 U.S.C. §§ 504, 554, 28 U.S.C. § 2412(d)(3) (as amended).

**34.** 28 U.S.C. § 2412(d)(1)(A) (as amended).

**35.** *Id.*

sion of cases involving tenure from the definition of "adversary adjudication."[36]

*Olsen* and *Austin,* although not decided by this court in banc, have applied 28 U.S.C. § 2412(d)(1)(A) to appeals from the board. Although previous panel decisions have substantial persuasive authority when considered by the court in banc, the court must nevertheless reexamine the relevant statutes and the legislative history.[37]

B. *Savings Provision and Section 2412(d)(1)(A) Excepting Provision.*

The Government reasserts the argument it made in *Olsen* and *Austin* that only one statute can provide for an award of attorney fees in any given case. Again, the Government contends that the "savings provision" in the EAJA mandates that the Back Pay Act is the exclusive statute for award of attorney fees.

The "savings provision" appears in the code as a note following the text of section 2412. It states:[38]

### SAVINGS PROVISION

Section 206 of Pub.L. 96–481 provided that: "Nothing in section 2412(d) of title 28, United States Code, as added by section 204(a) of this title, alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees and other expenses to any party other than the United States that prevails in any civil action brought by or against the United States."

There is also language in section 2412(d)(1)(A) ("excepting provision") which has the same effect as the savings provi-

sion, using the words "[e]xcept as otherwise specifically provided by statute." The savings provision specifically refers to section 2412(d). The savings provision was "simply intended to 're-enforce' and to 'emphasize'" the section 2412(d)(1)(A) excepting provision.[39]

In *Olsen,* the court considered three different acts which authorize the award of attorney fees: the Civil Service Reform Act (Reform Act), the EAJA, and the Back Pay Act. The Reform Act and the Back Pay Act have been used for some time as alternatives to authorize the award of fees in cases before the board, even to the extent that this court has held that the standard to be met for an award ("in the interest of justice") is the same under either act.[40]

In *Olsen,* the Government argued that "the Reform Act 'represents a comprehensive statutory scheme intended by Congress to cover federal personnel cases exclusively,' which supplants the Equal Access to Justice Act."[41] The Government inferred from the savings provision that "the Act 'has no application where Congress has thoroughly dealt with the question of attorney fees as part of a separate specialized scheme such as the [Reform Act].'"[42]

*Olsen* rejected the Government's argument, stating:[43]

There is nothing in either the Reform Act or the Equal Access to Justice Act to indicate that Congress intended to bar the courts from awarding attorney's fees for judicial proceedings to review Board decisions. To the contrary, the broad language of the Equal Access to Justice Act covers those cases. The court's au-

**36.** 5 U.S.C. §§ 504, 554, 28 U.S.C. § 2412(d)(3) (as amended).

**37.** *See United States v. John C. Grimberg Co.,* 702 F.2d 1362, 1365 (Fed.Cir.1983).

**38.** 28 U.S.C. § 2412 (1982) (Note).

**39.** *United States v. 329.73 Acres of Land,* 704 F.2d 800, 806 (5th Cir.1983) (in banc).

**40.** *Sims v. Department of the Navy,* 711 F.2d 1578, 1579–81 (Fed.Cir.1983). The Back Pay Act, however, expressly adopts the Civil Service

Reform Act standard. 5 U.S.C. § 5596(b)(1)(A)(ii) (1982). The EAJA, by contrast, expressly specifies the standard of "substantial justification."

**41.** *Olsen,* 735 F.2d at 560.

**42.** *Id.*

**43.** *Id.* at 561.

thority to award attorney's fees applies "in any civil action" "in any court having jurisdiction of such action" "[u]nless expressly prohibited by statute." 28 U.S.C. § 2412(b). Neither section 7701 nor section 7703 contains such an express prohibition.

In *United States v. 329.73 Acres of Land,* the Fifth Circuit, in banc, held that the EAJA applies to eminent domain cases even though another statute, 42 U.S.C. § 4654, also provides for attorney fees in certain eminent domain cases.[44] The Fifth Circuit rejected the Government's argument that 42 U.S.C. § 4654 was "one of the 'existing fee-shifting provisions' that was excepted from the application of the Act and not intended to be modified by it." [45] The court stated: [46]

> In light of the legislative language, scope, and purposes of the Act, it is plain to us that Congress intended to expand fee award coverage to all non-tort civil cases such as this one, "where fee awards against the government are not already authorized." * * *

In *329.73 Acres,* the Fifth Circuit explained that the savings provision and the section 2412(d)(1)(A) excepting provision were intended only to exclude existing statutes which were *more expansive* than the EAJA.[47] "In deference to the concerns of civil rights groups, Congress specifically did not intend to lessen the remedy provided in 'existing fee-shifting statutes' * * * in which the plaintiffs ordinarily were enti-

tled to recover their attorneys' fees simply upon prevailing." [48]

The House report stated that section 2412(d)(1)(A) "is not intended to replace or supercede any existing fee-shifting statutes such as the Freedom of Information Act, the Civil Rights Acts, and the Voting Rights Act in which Congress has indicated a specific intent to encourage vigorous enforcement, or to alter the standards or the case law governing those Acts. It is intended to apply only to cases (other than tort cases) where fee awards against the government are not already authorized." [49]

The Fifth Circuit found that the eminent domain statute was not the type of statute where "Congress had provided an attorneys' fee remedy 'to encourage vigorous enforcement' " of the statute.[50] The EAJA extended authorization for fee awards in eminent domain cases beyond the limited situations covered by the eminent domain statute. The Fifth Circuit concluded that the EAJA "therefore *supplements,* and does not impermissibly replace or supersede, the pre-existing award provision of 42 U.S.C. § 4654 [eminent domain statute]." [51] (Emphasis in original.)

The Back Pay Act similarly provides for attorney fees in a narrower set of circumstances than those covered by the EAJA. The Back Pay Act was not intended to provide for vigorous enforcement of the statute; it authorizes an award of attorney fees only when "in the interest of justice," a more difficult standard which is discre-

---

**44.** *329.73 Acres,* 704 F.2d at 803–10. *See also United States v. 101.80 Acres of Land,* 716 F.2d 714, 724 n. 16, 726–27 (9th Cir.1983) (EAJA applies, even though another statute provides for attorney fees in some eminent domain situations); *Environmental Defense Fund, Inc. v. Environmental Protection Agency,* 716 F.2d 915, 918–19 (D.C.Cir.1983) (EAJA applies to appeals under Resource Conservation and Recovery Act, even though latter statute allows fees only for district court actions); *Natural Resources Defense Council, Inc. v. Environmental Protection Agency,* 703 F.2d 700, 704–06 (3d Cir.1983) (EAJA applies to appeals under Clean Water Act, even though latter statute allows fees only for district court actions).

Thus, the in banc Fifth Circuit, the Ninth Circuit, the D.C. Circuit, and the Third Circuit have rejected the Government's contentions that

the EAJA is inapplicable when another statute provides for attorney fees in the same or related situations.

**45.** *329.73 Acres,* 704 F.2d at 805.

**46.** *Id.* at 807.

**47.** *Id.*

**48.** *Id.* at 805.

**49.** H.R.REP. NO. 1418 at 18, 1980 U.S.CODE CONG. & AD.NEWS at 4997.

**50.** *329.73 Acres,* 704 F.2d at 806.

**51.** *Id.* at 807.

tionary with the court and which places the burden on the employee. Section 2412(d)(1)(A) of the EAJA, on the other hand, requires the award of attorney fees in all cases where the employee prevails, unless the Government shows that its position was substantially justified. Thus, the EAJA covers situations which would not be covered by the Back Pay Act; the EAJA permissibly *"supplements,* and does not impermissibly replace or supersede, the pre-existing award provision" of the Back Pay Act.[52] (Emphasis in original.)

The court, however, will not dissect Gavette's application to determine whether it falls within that set of circumstances which do not meet the more difficult standard of the interest of justice, but which would meet the easier standard of substantial justification. Congress' purpose of protecting the individual from unreasonable Government litigation would be frustrated if the court were to require the employee to allege not only the applicability of the EAJA, but also the inapplicability of the Back Pay Act.

The Government asserts that the Back Pay Act would be applicable to the appeal in this case if the "interest of justice" standard is met. Gavette, however, seeks fees under the EAJA, alleging that the Government has failed to prove that it was substantially justified. Even assuming that both acts would apply to the circumstances in Gavette's case, there is no prohibition in either statute against the overlap in coverage in appeals from the board to this court. We affirm, in banc, the holding in *Olsen* that the EAJA applies to appeals from the board to the Federal Circuit, be-

cause such appeals are "civil actions" within the scope of 28 U.S.C. § 2412(d)(1)(A).

### Standard for Fee Awards Under the EAJA

A. *Section 2412(d)(1)(A) Substantial Justification Standard.*

The remaining question is what standard must be met for an award of fees and expenses under 28 U.S.C. § 2412(d)(1)(A). That section provides that the court "shall" award fees and expenses unless "the position of the United States was substantially justified or that special circumstances make an award unjust." [53]

The 1980 legislative history indicates that Congress considered and then rejected alternatives to the substantial justification standard.[54] For example, Congress rejected a bill which would have provided for automatic awards to prevailing parties. The mandatory fee-shifting was rejected because it would interfere with governmental functions.

Congress also rejected the discretionary standard proposed by the Department of Justice.[55] The 1980 House report stated the following reasons for adopting the substantial justification standard rather than a discretionary standard: [56]

Courts are often reluctant to award fees because they have operated so long under the American rule prohibiting fee-shifting. In fact, the reluctance of the courts to award fees prompted the adoption of the language in Rule 37 on which this standard is based. Under these circumstances, it is particularly appropriate ·

---

**52.** *329.73 Acres,* 704 F.2d at 807. If the EAJA did not apply to the circumstances falling in between the "interest of justice" standard and the "substantial justification" standard, there would be " 'a no-man's land contrary to clearly expressed Congressional purposes.' " *Natural Resources,* 703 F.2d at 706, quoting *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1323 (S.D.N.Y. 1982).

**53.** The cases are unanimous in holding that "substantial justification" is the appropriate standard for fee awards under § 2412(d)(1)(A). The only controversy has been concerning the

meaning of "substantial justification" and the meaning of "position of the United States." *See* Annot., 69 A.L.R.FED. 130 (1984). The 1985 amendments have clarified the meaning of these terms.

**54.** H.R.REP. NO. 1418 at 13, 1980 U.S.CODE CONG. & AD.NEWS at 4992.

**55.** *Id.* at 14, 1980 U.S.CODE CONG. & AD.NEWS at 4993.

**56.** *Id.* at 18, 1980 U.S.CODE CONG. & AD.NEWS at 4997.

to place the burden on the government to prove the reasonableness of its actions. To do so encourages parties to contest action which they believe to be unreasonable and thereby serves to refine public policy.

### B. *Inapplicability of Section 2412(b).*

As we have noted, the EAJA allows for the award of both fees and expenses, whereas the Back Pay Act allows for the award of fees only. In Gavette's case, we consider, *sua sponte*, whether it would be possible to consider expenses under the EAJA standard of substantial justification, but to consider fees under the pre-existing Back Pay Act standard of the interest of justice. It could be argued that section 2412(b) allows the standard for fee awards under the Back Pay Act to be read into section 2412(d)(1)(A) of the EAJA.

Section 2412(b) includes the following sentence:

> The United States shall be liable for such fees and expenses to the same extent that *any other party* would be liable under the common law or under the terms of any statute which specifically provides for such an award. [Emphasis supplied.]

As stated previously, however, the language in section 2412(b) was intended only to expand the common law and those statutes which provided for liability of private parties for attorney fees, to place the Government in the same shoes as "any other party." Here, "any other party" means "any party other than the United States."

Thus, section 2412(b) holds the United States "liable for fees under the 'bad faith,' 'common fund,' and 'common benefit' [common law] exceptions to the American rule." [57] Section 2412(b) "simply reflects

the belief that, at a minimum, the United States should be held to the same standards in litigating as *private parties.*" [58] (Emphasis supplied.)

Section 2412(b) does not refer to statutes which make the *United States* liable for attorney fees; it refers only to statutes which make parties *other* than the United States liable for fees. Thus, section 2412(b) does not refer to the Back Pay Act, because the Back Pay Act makes the United States liable for fees, rather than making "any other party" liable for fees. It would require a strained and logically impossible construction to find that the United States is a party "other than the United States" for purposes of section 2412(b), and then to read that oblique interpretation into section 2412(d)(1)(A), particularly in view of the "substantial justification" standard expressly stated in section 2412(d)(1)(A).

Congress has mandated that applications for fees and expenses under section 2412(d)(1)(A) must be considered under the substantial justification standard specified therein.[59] It is not for the courts to substitute their judgment for the statutory standard for awarding or denying fees and expenses. The legislative history specifically indicates that Congress *did not* want the courts to use a discretionary standard (such as "in the interest of justice") when considering applications under section 2412(d)(1)(A).[60]

When an employee such as Gavette has prevailed in this court and has submitted a proper application for fees under section 2412(d)(1)(A), the court "shall award" reasonable fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." [61]

---

**57.** *Id.* at 9, 1980 U.S.CODE CONG. & AD.NEWS at 4987.

**58.** *Id.*

**59.** The present situation is unlike *Sims,* 711 F.2d at 1579–81, where the Back Pay Act expressly

adopted the Civil Service Reform Act standard of "in the interest of justice."

**60.** H.R.REP. NO. 1418 at 18, 1980 U.S.CODE CONG. & AD.NEWS at 4997.

**61.** 28 U.S.C. § 2412(d)(1)(A) (as amended).

## C. Meaning of "Substantial Justification."

"Substantial justification" is not defined in the 1980 EAJA. The 1985 amendments, together with the legislative history, clarify the meaning of that term.

The Government contends that the 1985 amendments are not applicable to Gavette's case, because only the issue of attorney fees was pending on the date of the amendments. The amendments, however, provide for their applicability to *pending* cases without distinction,[62] and the amendments apply to Gavette's petition for fees.

The amendments require changes in the Federal Circuit's interpretation of substantial justification in two respects. First, it is now clear that the position of the United States includes the position taken by the agency at the administrative level.[63] The House report cited with disapproval the standard expressed in this court's decision in *Gava v. United States*,[64] which decision stated that the Government need only show that it was reasonable in its position in litigation.

Second, it is clear that substantial justification is not simply equivalent to reasonableness.[65] The legislative history of the 1985 amendments indicates that substantial justification means more than mere reasonableness on the part of the Government.[66]

On the ·other hand, it is also clear that the EAJA was not intended to be an automatic fee-shifting device in cases where the petitioner prevails before the Federal Circuit.[67] The House report states that substantial justification is to be decided case-by-case on the basis of the record.[68]

■ We hold that "substantial justification" requires that the Government show that it was *clearly* reasonable in asserting its position, including its position at the agency level, in view of the law and the facts.[69] The Government must show that it has not "persisted in pressing a tenuous factual or legal position, albeit one not wholly without foundation."[70] It is not sufficient for the Government to show merely "the existence of a colorable legal basis for the government's case."[71]

■ The facts of record here are more than adequate for this court to determine

---

**62.** Pub.L. No. 99–80, § 7(a), 1985 U.S.CODE CONG. & AD.NEWS (99 Stat.) at 186; *Russell v. National Mediation Bd.*, 775 F.2d 1284, 1285–88 (5th Cir.1985). Also, the 1985 amendments were intended only to "clarify" the meaning of the 1980 EAJA, "'consistent with the original Congressional intent and the underlying purposes of the statute.'" *Id.* at 1286, quoting from H.R.REP. NO. 120, 99th Cong., 1st Sess. 12, *reprinted in* 1985 U.S.CODE CONG. & AD.NEWS 132, 140.

**63.** Pub.L. No. 99–80, § 2(c)(2)(B), 1985 U.S.CODE CONG. & AD.NEWS (99 Stat.) at 185.

**64.** H.R.REP. NO. 120 at 9 & n. 16, 1985 U.S.CODE CONG. & AD.NEWS at 138 & n. 16; *Gava v. United States*, 699 F.2d 1367 (Fed.Cir.1983).
    The House report, however, confirmed the applicability of the EAJA to appeals from the Claims Court. H.R. REP. NO. 120 at 17–18, 1985 U.S.CODE CONG. & AD.NEWS at 146. In reviewing Federal Circuit cases up to 1985, the House Committee's only disapproval was that the Federal Circuit applied a standard which was too difficult for the party seeking attorney fees to meet. *See* H.R.REP. NO. 120 at 9 nn. 14 & 16, 12 n. 21, 18 n. 25, 1985 U.S.CODE CONG. & AD.NEWS at 137 n. 14, 138 n. 16, 140 n. 21, 146 n. 25.

**65.** H.R.REP. NO. 120 at 9, 1985 U.S.CODE CONG. & AD.NEWS at 138.

**66.** *Id.*

**67.** 131 CONG.REC. H4763 (daily ed. June 24, 1985) (statements of Rep. Kindness and Rep. Kastenmeier).

**68.** H.R.REP. NO. 120 at 10, 13, 1985 U.S.CODE CONG. & AD.NEWS at 138, 141–42.

**69.** *See Schuenemeyer v. United States*, 776 F.2d 329, 330–33 (Fed.Cir.1985) (discussing authority for EAJA standard more stringent than "mere reasonableness"; awarding attorney fees where Government's defenses had either no reasonable legal basis or no reasonable factual basis); H.R. REP. NO. 1418 at 14, 1985 U.S.CODE CONG. & AD.NEWS at 4993.

**70.** *Gava*, 699 F.2d at 1375 (Baldwin, J., dissenting). *See also Schuenemeyer*, 776 F.2d at 330–33.

**71.** *Gava*, 699 F.2d at 1375. *See Schuenemeyer*, 776 F.2d at 330–33 (Government not substantially justified even though it won in the lower court).

whether the Government's position was substantially justified.[72] In the present case, the Government has failed to show that it was substantially justified in its position. The Government has not shown that the agency was clearly reasonable in refusing to disclose the information sought by Gavette or in failing to certify that no alternative positions were available for reassignment. The Government has failed to show that the Government, including the agency, did not persist in pressing a tenuous factual or legal position.

The Government also has failed to show special circumstances that would make an award of fees unjust.[73]

Since Gavette has shown that he was the prevailing party, and the Government has failed to show that it was substantially justified or that special circumstances exist, Gavette is entitled to reasonable attorney fees and expenses for the appeal to this court, including fees and expenses for preparing the application under the EAJA.

The 1985 amendments to the EAJA state:[74]

> (4) Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise.

Thus, upon final judgment, payment under the EAJA is to be made by the agency.

Federal Circuit Rule 20[75] contemplates that when attorney fees and expenses are authorized in connection with an appeal, the amount of the award for such fees and expenses shall be determined by this court. Gavette's application satisfies the Rule 20 requirements because it indicates that the EAJA prerequisites have been fulfilled and it contains a statement under oath specify-

ing the nature of each service rendered, the amount of time expended for each service, and the customary charge for each service.

The Federal Circuit is in a better position than the board to determine the amount of fees and expenses to be awarded in connection with the appeal to this court, although the board should determine the amount of fees to be awarded in connection with the board proceedings.

### Conclusion

With respect to the board proceedings, neither fees nor expenses can be awarded under the EAJA. Gavette's application for attorney fees for the board proceedings is granted under the Back Pay Act but expenses cannot be awarded under that act. The application is remanded to the board for determination of the amount of reasonable fees (but not expenses) to be awarded in connection with the board proceedings.

With respect to attorney services rendered in connection with the appeal to this court, Gavette's application is granted under the EAJA. The application is referred to the original panel of three judges who decided the appeal on the merits for determination of the amount to be awarded in connection with appeal.

REMANDED.

BISSELL, Circuit Judge, with whom MARKEY, Chief Judge, and NIES and ARCHER, Circuit Judges, join, dissenting-in-part.

I agree that Gavette's request for attorney fees—but not expenses—should be granted. However, I would find that the sole statutory basis for a fee award incurred in a judicial appeal, when as a result of the appeal a petitioner is entitled to an award of back pay, is the Back Pay Act, 5

---

**72.** "[T]he 'substantial justification determination' will not involve additional evidentiary proceedings or additional discovery of agency files, solely for EAJA purposes." H.R.REP. NO. 120 at 13, 1985 U.S.CODE CONG. & AD.NEWS at 142.

**73.** 28 U.S.C. § 2412(d)(1)(A) (1982), *amended by* Pub.L. No. 99–80 (1985), *supra* note 1.

**74.** Pub.L. No. 99–80, § 2(d), 1985 U.S.CODE CONG. & AD.NEWS (99 Stat.) at 185 (to be codified at 28 U.S.C. § 2412(d)(4)).

**75.** Rules of the United States Court of Appeals for the Federal Circuit (supplementing FED.R. APP.P.).

U.S.C. § 5596(b)(1)(A)(ii) (1982). Contrary to the majority analysis, the Equal Access to Justice Act, Pub.L. No. 96–481, Title II, § 204, 94 Stat. 2325, 2327 (1980) (EAJA), itself dictates that liability be determined in accordance with any statute which specifically provides for such an award. 28 U.S.C. § 2412(d) (1982). Since the Back Pay Act provides for an award of fees in this judicial appeal, liability must be determined in accordance with that Act and the standard of that Act, that is, the award must be "in the interest of justice." I agree with the majority that that standard has been satisfied by petitioner in this case.

With respect to attorney expenses, as the Back Pay Act makes no provision for an award, I would hold that this court may not award such expenses in connection with the appeal.

Finally, I would remand for the Board to determine the amount of the award with respect to work before the Board.

## I.

I depart from the majority's position that Gavette has, in effect, an option to seek attorney fees for the appeal either under the Back Pay Act or under the EAJA's catch-all provision, 28 U.S.C. § 2412(d)(1)(A).* In connection with government personnel cases when as a result of the judicial appeal the petitioner is entitled to an award of back pay, the Back Pay Act and its standard of liability applies.

5 U.S.C. § 5596 (1980) provides:

(b)(1) An employee of an agency who ... is found ... to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or a part of the pay, allowances, or differentials of the employee—

(A) is entitled, on correction of the personnel action, to receive ...

. . . .

(ii) reasonable attorneys fees related to the personnel action which ... shall be awarded in accordance with standards established under section 7701(g) of this title. . . .

. . . .

(c) The Office of Personnel Management shall prescribe regulations to carry out this section.

The Office of Personnel Management (OPM) in promulgating its regulations pursuant to 5 U.S.C. § 5596(c) provided that a request for attorney fees "may be presented only to the appropriate authority that corrected or *directed the correction* of the unjustified or unwarranted personnel action." 5 C.F.R. § 550.806(a) (1985). (emphasis added). Under 5 C.F.R. § 550.803 " '[a]ppropriate authority' means an entity having authority in the case at hand to direct or *direct the correction* of an unjustified or unwarranted personnel action, including (a) a court. . . ." [Emphasis added]. This definition of "the appropriate authority" follows our predecessor court's holding in *Ainsworth v. United States*, 399 F.2d 176, 181 (Ct.Cl.1968) that, under an earlier version of the Back Pay Act "[a] 'proper authority' includes 'a court authorized to direct the correction of' an unwarranted separation (*i.e.*, a district court) and, also, a court 'authorized ... to correct' improper personnel actions (*i.e.*, the Court of Claims)."

After passage of the Civil Service Reform Act of 1978, the court stated that in a review of a decision of the Board, the court lacked jurisdiction to render a money judgment—a Tucker Act remedy. *Brewer v. United States Postal Service*, 647 F.2d 1093, 1098 (Ct.Cl.1981). However, the court did note that it would have the power under 5 U.S.C. § 7703(c) to remand with instructions to award the employee back pay and to reinstate him to his former position. *Id.* at 1099. That is to say, the court, under the Civil Service Reform Act

---

* The 1985 amendments to the Equal Access to Justice Act do not in any way affect the provisions dealt with here except to confirm that "a civil action" includes an appeal to a court from an administrative proceeding. Equal Access to Justice Act, Extension and Amendment, Pub.L. No. 99–80, § 2(a)(2), 1985 U.S.Code Cong. & Ad.News (99 Stat.) 183, 184 (1985).

of 1978, did not have the authority itself to "correct" the unwarranted personnel action, but it did have the power "to direct the correction" thereof. This court in *Sullivan v. Department of Navy*, 720 F.2d 1266, 1276 (Fed.Cir.1983), held that subsequent to the passage of the Federal Courts Improvement Act of 1982 this court under 5 U.S.C. § 7703(c) and 28 U.S.C. § 1295(a)(9) has the same authority as did the former Court of Claims to instruct the Board to order reinstatement and payment of back pay and related benefits to a discharged employee. Therefore, 5 U.S.C. § 7703(c) and 28 U.S.C. § 1295(a)(9) provide a jurisdictional base for the award of attorney fees under the Back Pay Act. This Act directs that the award shall be in accordance with the standards of 5 U.S.C. § 7701(g). *See Sims v. Department of the Navy*, 711 F.2d 1578 (Fed.Cir.1983).

At this point it is necessary to set forth the specific language of the EAJA, 28 U.S.C. § 2412, which, in pertinent part, reads as follows:

*(d)(1)(A) Except as otherwise specifically provided by statute*, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. [Emphasis added.]

. . . .

[NOTE to § 2412]

Section 206 of Pub.L. 96–481 provided that: "Nothing in section 2412(d) of title 28, United States Code, as added by section 204(a) of this title, *alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law* which authorizes an award of such fees and other expenses to any party other than the United States that prevails in any

civil action brought by or against the United States." [Emphasis added.]

Referring to § 2412(d)(1)(A), the House Report on the EAJA states:

*[T]his section is not intended to replace or supercede any existing fee-shifting statutes* such as the Freedom of Information Act, the Civil Rights Acts, and the Voting Rights Act in which Congress has indicated a specific intent to encourage vigorous enforcement, *or to alter the standards or the case law governing those Acts. It is intended to apply only to cases* (other than tort cases) *where fee awards against the government are not already authorized.* [Emphasis added.]

H.R.Rep. No. 1418, 96 Cong., 2d Sess., 18 (1980), U.S.Code Cong. & Admin.News 1980, pp. 4984, 4997; *see also* S.Rep. No. 253, 96 Cong., 1st Sess., 3–6, 19–22 (1980).

In view of the preamble to § 2412(d)(1)(A) and the uncodified § 206 set forth in the note to § 2412, as well as the legislative history, I conclude that Congress did not intend for the EAJA to provide a supplemental basis for the assessment of attorney fees in back pay cases. If there is an alternative applicable fee award statute to the EAJA, the alternative must be utilized. Read as a whole, that is the import of the EAJA. The Back Pay Act is such a statute. Failure to utilize the Back Pay Act would be contrary to § 206, which specifically provides, "Nothing in § 2412(d) ... alters, modifies, repeals, invalidates or supersedes any other provision of Federal law which authorizes an award of such fees." Thus, the EAJA and its standard for determining liability set forth in § 2412(d)(1)(A) must be held inapplicable in this case since it would supersede the provisions of the Back Pay Act.

Amicus the National Treasury Employee's Union argues that the preamble of § 2412(d)(1)(A) (*i.e.,* the phrase "Except as otherwise specifically provided by statute") was inserted only "to allay the fears of civil rights groups and others that the EAJA would *lessen* the fee remedies already provided for under existing, more liberal, statutes." [Emphasis added.] In

support of its position it cites *United States v. 329.73 Acres, Granada and Yalobusha Counties,* 704 F.2d 800 (5th Cir. 1983) (en banc), and *United States v. 101.-80 Acres of Land,* 716 F.2d 714 (9th Cir. 1983), which are cases involving land condemnation and *Environmental Defense Fund v. Environmental Protection Agency,* 716 F.2d 915 (D.C.Cir.1983) and *National Resources Defense Counsel v. Environmental Protection Agency,* 703 F.2d 700 (3rd Cir.1983). I do not find these cases in conflict with the interpretation of the statute herein. The attorney fees provision specifically applicable in the land condemnation cases did not cover the type of action involved in those cases and thus no fee award could be made under that provision. Therefore, the EAJA was found to supplement the right to an award but only for the *types of actions* which were not previously covered. In the environmental cases, the statutory provision for award of attorney fees applied only at the *district court* level. The EAJA was found to authorize fees at the *appellate* level. Here, the Back Pay Act applies fully to the appellate proceedings before us.

## II

Since attorneys' expenses are not recoverable under the Back Pay Act and since I would hold that the Back Pay Act is the sole statutory basis applicable in this case, I would not award expenses.

## III

Having determined that it is in the "interest of justice" because of the agency's action, attorney fees for the judicial appeal and the proceedings before the Board should be awarded under the Back Pay Act to petitioner Gavette. I, too, would refer his application to the original panel of three judges who decided the appeal on the merits for determination of the amount of reasonable fees (but not expenses) to be awarded in connection with the appeal.

As to the amount of reasonable attorney's fees (but not expenses) for the Board proceedings, I would remand Gavette's application to the Board for a determination thereof.

NIES, Circuit Judge, dissenting-in-part.

I join in Judge Bissell's opinion except for Part II. I would award expenses to Gavette as well as attorney fees. The EAJA provides in 28 U.S.C. § 2412(b) that "a court may award reasonable ... expenses of attorneys unless expressly prohibited by statute." The Back Pay Act does not expressly prohibit the award of such expenses. Thus, I would hold that expenses of Gavette's attorneys are also available in this case.