**UNITED STATES, Plaintiff,**

v.

**F.H. FENDERSON, INC., Defendant.**

**Court No. 84–07–01008.**

United States Court of International Trade.

Sept. 25, 1987.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., Dept. of Justice (Platte B. Moring, III, Washington, D.C., on the motion) for plaintiff.

Doherty and Melahn, (William E. Melahn, Boston, Mass., on the motion), for defendant.

## MEMORANDUM OPINION

CARMAN, Judge:

This action seeking the recovery of a penalty was dismissed by the Court pursuant to a joint motion for summary judgment. Defendant, F.H. Fenderson, Inc. (Fenderson), now seeks an award of attorneys' fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).

As more fully explained below, the Court concludes that while this action was dismissed in Fenderson's favor, the plaintiff, United States, was substantially justified in pursuing this action. The Court therefore deems it inappropriate to award attorneys' fees and expenses to the defendant.

## BACKGROUND

Plaintiff initiated this action against Fenderson on July 18, 1984. The action was commenced to recover a penalty in the amount of $1,668.16 for negligence in violation of section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (1982).

On December 10, 1985, plaintiff moved for summary judgment on the grounds that the allegations set forth in the complaint amounted to negligence *per se,* and that there were no genuine issues of material fact. In response, Fenderson contended that some material facts on the negligence claim existed. Fenderson also cross-moved for summary judgment arguing that the Department of the Treasury, United States Customs Service (Customs) was illegally assessing multiple penalties for the same alleged violation; had failed to follow its own regulations with respect to voluntary disclosure; and had unlawfully refused to accept a supplementary petition.

On December 5, 1986, the Court denied both motions. *See United States v. F.H. Fenderson, Inc.,* 10 CIT ——, Slip Op. 86–126 (Dec. 5, 1986). A jury trial was scheduled to commence on April 27, 1987.

On March 16, 1987, the parties submitted a joint motion for the resolution of certain legal issues prior to trial. To assist the Court in its determination of these issues, the parties also submitted a stipulation of facts.

In their joint motion, the parties identified three legal issues to be resolved. The first issue concerned the question of whether or not § 1592 permits Customs to assess multiple penalties for the same alleged violation. This issue focused upon whether or not Customs could assess the exporter of certain merchandise, Landry and Landry, Ltd. (Landry) with one penalty and assess the customhouse broker as importer of

record, Fenderson, with another penalty on the same merchandise. The second issue centered around the question of whether or not settlement with Landry without a reservation of rights against Fenderson effectively discharged the claim against the latter. The last issue concerned the question of whether or not the voluntary tender of supplemental duties by Fenderson on behalf of Landry after both had received prepenalty notices constituted a prior disclosure under 19 U.S.C. § 1592(c)(4)[1] when the District Customs officer did not refer the request to the Office of Investigations in accordance with 19 C.F.R. § 162.74(b).

In granting the motion for summary judgment, the Court ruled that Customs may not assess multiple penalties for the same alleged violation. *See United States v. F.H. Fenderson, Inc.,* 11 CIT ——, 658 F.Supp. 894, 899 (1987).[2] With respect to the second issue, the Court held that settlement of the case against Landry for its gross negligence did not terminate any cause of action Customs had against Fenderson for negligence. The Court held, moreover, that there was no need to reserve any rights to enforce this claim. *Id.* at 900. Concerning the third issue, the Court held that Fenderson had made a prior disclosure of the violation of § 1592 and a tender of the actual loss of duties within the specified time period pursuant to that statute and 19 C.F.R. § 162.74(c).

In finding that the resolution of this final issue in favor of the defendant effectively disposed of the issues, the Court dismissed the action. *Id.* at 901–02. Defendant now seeks an award of attorneys' fees and expenses pursuant to the EAJA.

## DISCUSSION

An award of fees and expenses to the prevailing party for the costs of a civil action brought by or against the United States is available under the EAJA. The relevant subsection provides in pertinent part as follows:

> **(d)(1)(A)** Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A) (1978 & Supp. 1987). In *Gavette v. Office of Personnel Management,* 785 F.2d 1568 (Fed Cir.1986), the Court of Appeals provided the following rationale for an award under the EAJA:

> The 1980 EAJA rested on the premise that individuals and small businesses "may be deterred from seeking review of, or defending against unreasonable

---

**1.** This section provides in pertinent part as follows:

> **(4) Prior disclosure.**—If the person concerned discloses the circumstances of a violation of subsection (a) of this section before, or without knowledge of, the commencement of a formal investigation of such violation, with respect to such violation, merchandise shall not be seized and any monetary penalty to be assessed under subsection (c) of this section shall not exceed—

> .    .    .    .    .

> (B) if such violation resulted from negligence or gross negligence, the interest (computed from the date of liquidation at the prevailing rate of interest applied under section 6621 of Title 26) on the amount of lawful duties of which the United States is or may be deprived so long as such person tenders the unpaid amount of the lawful duties at the time of disclosure or within 30 days, or such

longer period as the appropriate customs officer may provide, after notice by the appropriate customs officer of his calculation of such unpaid amount.

> . . . .

19 U.S.C. § 1592(c)(4) (1982).

**2.** In the decision, however, the Court recognized:

> [I]n the present situation it appears there could be two separate violations. Government is correct in asserting Customs is permitted under § 1592 to assess separate penalties for separate violations on the same merchandise. Therefore, the Court holds Government may endeavor to assess Landry and Fenderson separate penalties for separate violations, assuming, of course, the facts support such an endeavor.

*Fenderson,* 658 F.Supp. at 899 (footnote omitted).

governmental action because of the expense involved in securing the vindication of their rights." The purpose of the EAJA was to "reduce the deterrents and disparity by entitling certain prevailing parties to recover an award of attorney fees, expert witness fees and other expenses against the United States."

*Id.* at 1571 (footnotes omitted).

In order to qualify for the award, the applicant must be a "prevailing party." Once eligibility is established, the Court may grant the request "unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

In the *Gavette* decision, the Court of Appeals provided the following interpretation of the term "substantial justification:"

We hold that "substantial justification" requires that the Government show that it was *clearly* reasonable in asserting its position, including its position at the agency level, in view of the law and the facts. The Government must show that it has not "persisted in pressing a tenuous factual or legal position, albeit one not wholly without foundation." It is not sufficient for the Government to show merely "the existence of a colorable legal basis for the government's case."

*Id.* at 1579 (footnotes omitted).

Fenderson contends that it has prevailed in the action since the Court resolved the third issue in its favor. While not disputing this contention, plaintiff maintains that the position of the United States was "substantially justified" as that term is understood, and that therefore an award of attorneys' fees and expenses is inappropriate.

In applying the statutory test as construed by the Court of Appeals, the Court holds that the plaintiff's posture in this action has been "clearly reasonable." In the words of the Court of Appeals, plaintiff has not pursued a course of action involving a "tenuous factual or legal position." 785 F.2d at 1579.

At all relevant times in this action, it is apparent that the plaintiff has treated the facts as establishing two separate violations of § 1592. Indeed, the Court upheld

this treatment when it ruled that "[b]oth violations alleged were the result of separate and distinct acts committed by separate and distinct parties constituting separate and distinct violations." *Fenderson,* 658 F.Supp. at 899. The Court also held that settlement with Landry did not constitute a complete release of Fenderson even absent a reservation of rights against Fenderson, thus agreeing that the course of action pursued by the plaintiff was reasonable.

The more difficult question concerns the reasonableness of the plaintiff's actions with regard to the issue of prior disclosure. As previously discussed, the Court held in Fenderson's favor that there was a prior disclosure of the violation by Fenderson and a tender of actual loss of duties within the specified time period. This however, does not mean that Custom's action in this regard were not "clearly reasonable." *See Luciano Pisoni v. United States,* 11 CIT ——, 658 F.Supp. 902–905 (1987), *appeal docketed,* No. 87–1344 (Fed.Cir. May 7, 1987) ("Congress intended that an analysis under an EAJA perspective be independent from the decision on the merits").

Thus, while Fenderson's letter to the District Director of Customs on October 26, 1981 acknowledged the facts establishing the violation by Fenderson, this letter made no mention of the voluntary tender by Landry and did not request that Customs treat the matter as a prior disclosure. Similarly, the letter dated November 3, 1981 which contained the check for the unpaid duties in the name of Fenderson did not request treatment as a prior disclosure and did not disclose the circumstances concerning the violation. In fact, it appears that not once during the course of the administrative proceeding did Fenderson contend that the voluntary tender of unpaid duties on behalf of Landry be treated as a prior disclosure by Fenderson of the facts and circumstances surrounding the Fenderson violation.

Furthermore, Fenderson tendered payment on behalf of Landry and not for itself. The letter accompanying payment referred to the Landry prepenalty notice and made no reference to the circumstances surrounding the Fenderson violation. Thus, it was clearly reasonable for Cus-

toms not to have treated the voluntary tender of payment as a prior disclosure.

It was also clearly reasonable for Customs not to have allowed a prior disclosure after the issuance of a prepenalty notice since the agency was apparently following longstanding administrative practice in this regard.[3] Customs has taken the position that once a prepenalty notice has been issued, the Customs officer has already determined that there is reasonable cause to believe a violation of § 1592 has occurred. Thus, according to Customs, any responsive letter or voluntary tender of payment after issuance of a prepenalty notice does not disclose the circumstances of the violation and is thus not a prior disclosure.

In view of the above, the Court finds that the pursuit of this action by plaintiff was clearly reasonable and did not involve merely "a colorable legal basis for the government's case." *See* 785 F.2d at 1579. Accordingly, the defendant's motion for attorneys' fees and expenses is denied.

---

**3.** According to the plaintiff, this practice has now been codified at 19 C.F.R. § 162.74(g). *See*

51 Fed.Reg. 23047 (June 25, 1986).