57 F.3d 1085
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert E. PAGE, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 95-3145.
 United States Court of Appeals, Federal Circuit.
 June 12, 1995.
 
 Before RICH, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Robert E. Page appeals from the November 24, 1994 final decision of the Merit Systems Protection Board, Docket No. DC0752940150-A-1, denying Page's request for out-of-pocket expenses and expert witness fees incurred in an appeal of his removal by the United States Department of the Army ("agency"). Because the board correctly held that Page was not entitled to reimbursement for these items, we affirm.
 
 DISCUSSION
 
 2
 On October 15, 1993, the agency removed Page from his position for misconduct. Page appealed his removal to the board. On May 13, 1994, the board reversed the agency's action, finding that Page's misconduct had been de minimis and that no discipline was warranted.
 
 
 3
 Page then timely moved for reimbursement of attorney fees, out-of-pocket expenses, and witness fees incurred during the board proceeding. In an initial decision dated October 20, 1994, the Administrative Judge ("AJ") held that Page was entitled to an award of $13,800.00 in attorney fees. The AJ further held that Page's claimed out-of-pocket expenses were not recoverable under 5 U.S.C. Sec. 7701(g)(1) (1994). In addition, the AJ held that the board had no authority under this statutory provision to award expert witness fees. The AJ's initial decision became the final decision of the board on November 24, 1994. See 5 C.F.R. Sec. 1201.113 (1994). This appeal followed.
 
 
 4
 The scope of our review of a board decision is limited to whether it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 5
 On appeal, Page argues that the board erred in analyzing Page's claim for out-of-pocket expenses and expert witness fees under 5 U.S.C. Sec. 7701(g)(1) (1994) rather than 5 U.S.C. Sec. 7701(g)(2) (1994). We disagree with Page's contention. Section 7701(g)(2) applies only if the board's decision was based upon a finding of prohibited discrimination. In this case, the board's decision was not based upon such a finding. Thus, the board was correct in not analyzing Page's claim under Sec. 7701(g)(2).
 
 
 6
 Page also contends that the board should have reimbursed him for these items under the Equal Access to Justice Act ("EAJA").* In response, the government argues that the EAJA does not apply to this case. We agree with the government.
 
 
 7
 As we stated in Gavette v. Office of Personnel Management, 785 F.2d 1568, 1573 (Fed.Cir.1986) (in banc), the EAJA applies only to "civil actions" and "adversary adjudications." A civil action is one that involves judicial proceedings; thus, an appeal to the board from an agency is not a civil action. Id. Further, Page's appeal to the board concerned the tenure of an employee, viz., his removal from his position with the agency. Administrative determinations involving the "tenure of an employee" are specifically excluded from being adversary adjudications covered by the EAJA. Id.; see 5 U.S.C. Secs. 504(b)(1)(C), 554(a)(2) (1994); Olsen v. Department of Commerce, Census Bureau, 735 F.2d 558, 562 (Fed.Cir.1984) ("The discharge of an employee involves his 'tenure.' "). As such, the board proceeding did not concern an adversary adjudication within the meaning of the EAJA and thus the board had no statutory authority to apply the EAJA to Page's case. We therefore conclude that the board did not err in not applying the EAJA.
 
 
 8
 We have considered Page's remaining arguments, but find them not persuasive.
 
 
 
 *
 Equal Access to Justice Act, Extension and Amendment, Pub.L. No. 99-80, 99 Stat. 183 (1985) (codified at 5 U.S.C. Sec. 504 and 28 U.S.C. Sec. 2412)
 Page apparently did not raise this argument before the board. Therefore, normally, we would not consider it. See Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1101 (Fed.Cir.1985) (arguments not made before the board will not be considered on appeal). Because Page is a pro se petitioner, however, we will point out why the argument lacks merit.