James A. MARTIN

v.

The UNITED STATES.

No. 358–85C.

United States Claims Court.

April 16, 1987.

As Amended April 21, 1987.

224

Joseph R. Press, Bayonne, N.J., for plaintiff.

Ralph A. Mittelberger, with whom was Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant; Britanya Rapp, Military Sealift Command, Falls Church, Va., of counsel.

## MEMORANDUM OF DECISION

HARKINS, Senior Judge.

James A. Martin is a licensed merchant seaman who was formerly employed as a Chief Engineer in the Military Sealift Command (MSC), a noncombatant arm of the United States Navy manned by civilian mariners. Plaintiff's complaint in this court, filed June 14, 1985, claimed back pay in the amount of $28,604.26, due to an allegedly unjustified or unwarranted personnel action. On August 13, 1985, defendant filed a motion to dismiss on the ground that the court lacked subject matter juris-

diction. After oral argument, defendant's motion was denied on November 13, 1985. A joint stipulation for entry of judgment, with an exception for a claim for attorney fees and expenses, filed July 29, 1986, provided the United States would pay plaintiff $23,107.28 in full satisfaction of all claims related to the matters involved in this case. Judgment was entered on July 30, 1986. On August 20, 1986, plaintiff filed an application for attorney fees and expenses in total amount of $67,936 under the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412 (1982, Supp. III 1985)), and the Back Pay Act (BPA) (5 U.S.C. § 5596(b)(1) (1982)), and its implementing regulations (5 C.F.R. § 550.806 (1986)).

Defendant concedes that plaintiff is a prevailing party, as that term is used in the EAJA, and that plaintiff was affected by an unjustified or unwarranted personnel action, as that phrase is used in the BPA. Defendant further concedes that plaintiff is entitled to reasonable attorney fees and expenses under the EAJA, and to attorney fees under the BPA. Defendant, however, contends the $64,751 amount that plaintiff seeks in attorney fees is unreasonable, that plaintiff has failed to supply information in sufficient detail to permit calculation of a reasonable attorney fee award, and that plaintiff may recover only a portion of his claimed expenses.

Plaintiff's application requests attorney fees and expenses under both the EAJA and the BPA, without identification of specific amounts that may be allowable under the express authority of either statute. There are important distinctions between the statutes that bear upon this claim. These are discussed below. The application must be considered in the context of the purposes behind the enactment of the statutes under which plaintiff claims entitlement. The amount plaintiff is entitled to recover, under either the BPA or the EAJA, requires examination of plaintiff's claim against MSC, and analysis of the value of the legal services provided by plaintiff's attorney that led to the stipulated settlement. Factual information about the MSC claim is derived from the pleadings, the motion to dismiss papers,

and from documents presented by the parties with respect to the application for fees and expenses.

Joseph R. Press has represented plaintiff since May 1982. Plaintiff's claim against the Navy, submitted December 22, 1982, was for $23,384.23 for back pay lost during the period May 6, 1982, to September 29, 1982. During this period, plaintiff was refused shipboard assignment and required to exhaust all paid leave and to go on leave without pay (LWOP) status, pending disposition of disciplinary action for alleged dereliction of duty. The claim arose from personnel actions instituted in the MSC Atlantic Area Command (MSCLANT) headquartered at the Military Ocean Terminal at Bayonne, New Jersey (MOTBY).

Plaintiff was bedridden with dysentery from April 1 to April 15, 1982; on April 26, he was found to be unfit for active duty and was released from active duty to recuperate and for further medical treatment. On April 27, 1982, a command inspection on plaintiff's ship disclosed 18 major deficiencies and 16 significant minor deficiencies in the Engineering Department. On May 3, 1982, at MOTBY, the MSCLANT chief inspector notified plaintiff that disciplinary action for dereliction of duty was being considered.

On May 6, 1982, plaintiff was declared fit for duty, but the MOTBY personnel office did not assign him to a vessel pending the outcome of disciplinary action to be brought against him. Plaintiff continued in leave status. To avoid administrative separation, when his paid leave ran out on June 16, 1982, plaintiff went to LWOP status.

In June 1982, plaintiff moved his residence to Florida. On June 18, 1982, MSCLANT formally notified plaintiff that disciplinary action for dereliction of duty was being considered; plaintiff was advised he could present a defense. On July 23, 1982, plaintiff submitted a 7-page response that was prepared by his counsel after investigation of each of the 34 major and minor deficiencies charged. The response answered each alleged deficiency

and requested that disciplinary action not be commenced.

During July 1982, plaintiff rejected a verbal offer to be placed on non-shipboard duty status at less pay than that formerly received. To comply, plaintiff would have had to commute from Florida so as to report daily at MOTBY, or, in the alternative, return to New Jersey and occupy temporary quarters at his own expense. On September 22, 1982, plaintiff was notified he would be suspended for 14 days. MSCLANT's September 22, 1982, notice cited the deficiencies enumerated in the June 18, 1982, letter and stated that plaintiff's dereliction constituted a violation of Ship's Order No. 16.

Plaintiff appealed to the MSC Commanding Officer (COMSC) on September 27, 1982, through MSCLANT. Plaintiff's appeal was not forwarded to COMSC in Washington. On September 29, 1982, plaintiff was returned to ship duty status and assigned to the USNS Wyman.

On December 8, 1982, the commanding officer of MSCLANT (COMSCLANT) sustained plaintiff's appeal. The letter cited Civilian Marine Personnel Instruction (CMPI) 750, and stated "there may have been some procedural error" for plaintiff's suspension, that "all proceedings involving this infraction are terminated", and "Mr. Martin's appeal is sustained."

Plaintiff's application for back pay, submitted December 22, 1982, was denied by MSCLANT on February 15, 1983. On April 21, 1983, plaintiff's counsel notified COMSCLANT of his appeal to GAO, and requested MSCLANT to forward the agency administrative report (AAR) to the GAO. On MSCLANT's failure to prepare and forward the AAR, plaintiff on July 19, 1983, petitioned for a writ of mandamus in the United States District Court, Newark, New Jersey (Docket No. 83–2653(S)). On September 13, 1983, MSCLANT sent its AAR to GAO. Plaintiff's counsel submitted an 8–page rebuttal to the AAR on October 7, 1983. GAO denied plaintiff's appeal on November 28, 1984. The complaint in this case followed on June 14, 1985.

CRITERIA

In the normal course, under the so-called American Rule, each party in a law suit bears its own attorney fees, unless there is express statutory authorization to the contrary. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). The EAJA and the BPA contain express statutory authorization for successful litigants to recover from the United States reimbursement for attorney fees.

The EAJA made a significant change in existing law regarding attorney fees by establishing a general statutory exception of an award of fees against the Government. *Gavette v. OPM*, 785 F.2d 1568, 1572 (Fed.Cir.1986). The United States was made subject to the bad faith, common fund and common benefit exceptions to the American Rule (28 U.S.C. § 2412(b)); and, in a civil action against the United States, a court was authorized to award a prevailing party attorney fees and expenses, unless it found the position of the United States was substantially justified.

■ The BPA, as amended by section 702 of the Civil Service Reform Act of 1978 (Pub.L. No. 95–454, 92 Stat. 1111, 1216) provides for recovery of reasonable attorney fees when an employee is found by appropriate authority under applicable law, rule or regulation to have been affected by an unjustified or unwarranted personnel action. The BPA authorizes an award under a narrower set of circumstances than those covered by the EAJA. The standard under the BPA for determining whether an award of attorney fees is warranted is when the award would be in the interest of justice. *Gavette v. OPM*, 785 F.2d at 1573; *Olsen v. Dept. of Commerce, Census Bureau*, 735 F.2d 558, 563 (Fed.Cir.1984). The EAJA and the BPA are express fee shifting statutes, and as such, constitute waivers of sovereign immunity. They are to be strictly construed. *Nibali v. United States*, 634 F.2d 494, 225 Ct.Cl. 8 (1980).

■ The BPA imposes a limit upon a successful litigant's recovery of attorney fees to the reasonable amount needed to make the litigant whole, but without pro-

viding a windfall for the litigant or for the attorney. Unlike other statutes that authorize attorney fees, such as the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988 (1982)), the BPA's authorization for recovery of attorney fees does not serve a special function to vindicate an important public policy. The BPA was enacted with the general goal of removing impediments to litigation of a meritorious claim. *Sterner v. Dept. of Army*, 711 F.2d 1563, 1570 (Fed.Cir.1983).

Under the EAJA, plaintiff would be entitled to both attorney fees and expenses for litigation in court, or in prior agency adjudications, but not for fees or expenses incurred during administrative consideration of the claim before litigation. 28 U.S.C. § 2412(d)(1)(A); 5 U.S.C. § 504(a)(1); *Austin v. Dept. of Commerce*, 742 F.2d 1417, 1419 (Fed.Cir.1984); *Olsen v. Dept. of Commerce*, 735 F.2d at 562. Under the BPA, plaintiff would be entitled to attorney fees, but not to expenses, incurred during administrative consideration of the claim, as well as during related judicial proceedings. 5 U.S.C. § 5596(b)(1). *Olsen v. Dept. of Commerce*, 735 F.2d at 563; *Gavette v. OPM*, 785 F.2d at 1573.

 Under the BPA, plaintiff may recover attorney fees for services before the MSC, the GAO, in the New Jersey District Court, and in this court. Under the EAJA, plaintiff may recover only an award for attorney fees and expenses for services rendered in this court, and in the New Jersey District Court. In this ruling on plaintiff's application, the authority provided in the BPA is applied with respect to all of plaintiff's claims for attorney fees incurred in administrative and judicial proceedings. The provisions of the EAJA are applied to plaintiff's claims for expenses incurred in connection with the judicial proceedings.

In connection with civil rights litigation, the Supreme Court announced the guidelines that apply to calculations of a reasonable attorney's fee. *See City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40

(1983). These guidelines have application for determination of fee awards under the BPA and the EAJA. The starting point, the "lodestar", for determining the amount of a reasonable fee is the number of hours reasonably expended multiplied by a reasonable hourly rate. The amount of the fee is determined by the facts of each case, and the lodestar figure is subject to adjustment upward or downward through application of other factors. The EAJA specifically permits adjustment of the hourly rate to account for increases in the cost of living, and for a limited availability of qualified attorneys. Factors that bear upon adjustment to the lodestar figure include those identified in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–719 (5th Cir.1974), as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

 A party submitting an application for an award of attorney fees should present evidence that supports hours worked at the rates claimed. Where supporting documentation is inadequate, the award may be reduced accordingly. A party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and the need for the service, and the reasonable fee to be allowed. *Hensley v. Eckerhart*, 461 U.S. at 429, 433, 441, 103 S.Ct. at 1937, 1939, 1943.

## DISPOSITION

Plaintiff's application for attorney's fees and expenses covers all legal services provided in the Navy and GAO administrative proceedings, in the proceedings in the Dis-

trict Court in New Jersey for a petition for mandamus, and the proceedings on the claim in this court. The application is divided into three parts:

(1) Attorney's fees for 23 work projects ((a) through (v)) during the period July 23, 1982, through May 28, 1986, each with an estimate of the number of 8-hour days or hours involved. Ninety-four 8-hour working days, a total of 753 hours, are claimed for these 23 projects. The rate claimed is $85 per hour. The application states this rate is "a fair and reasonable attorney compensation in the State of New Jersey and certainly in the City of Washington, D.C." The total attorney fees claimed in part (1) is $64,005.

(2) Out-of-pocket expenses initially were listed in 16 items (A through P), for a total of $3,185.36. Plaintiff revised this list to delete seven cost items, and to add $53 to the remaining items. The final list contains nine out-of-pocket expense items, which have a revised total of $2,660.20.

(3) Attorney fees based upon a calculation from billings for outgoing telephone calls. On the basis of $0.50 per minute, the total telephone billing of $263.38 was converted to a claim for $746 in attorney fees for telephone time.

Plaintiff's total claim for attorney fees and expenses, as revised, is $67,411.20.

The application does not include, or describe, a complete statement of what plaintiff agreed to pay his counsel for legal services. There is no statement of the total amount plaintiff is obligated to pay Mr. Press for representation in this case. The application describes an oral contingent fee contract, in which Mr. Press agreed, if successful, that he would apply to the Government for attorney fees. If the application was denied, the agreement was that Mr. Press "would get ⅓ of any back pay I recovered for him." Plaintiff was obligated to, and did, fund out-of-pocket expenses incurred during the course of the representation.

■ This oral contingent fee arrangement was not reduced to writing; it is presented only through the affidavit of counsel. The arrangement is said to be for ⅓ of the net back pay award after withholding for taxes. If the contingent fee agreement were operative, since plaintiff's recovery was $18,485.83, after withholding for taxes, plaintiff would be obligated to pay his counsel $6,161.94. Defendant argues plaintiff may not recover, under the BPA or EAJA, any award for attorney fees that exceeds the obligation a party in fact actually incurs to his attorney. This issue has not been specifically decided by the Supreme Court or by the Federal Circuit. *See Gavette v. OMP,* 785 F.2d at 1573, n. 25. Defendant argues that because the application is not supported by satisfactory records or documentation, plaintiff is limited to the recovery provided in the contingent fee contract. This argument, for the reasons set forth below, is rejected.

Mr. Press asserts he did not maintain hourly time records in his practice. The application states the hours shown were "reconstructed" from his files and diaries. As a result of this failure to maintain time records, neither plaintiff nor Mr. Press knows how many hours actually were devoted to legal services for plaintiff. Absence of specific records raises the spectre that the "reconstruction" is erroneous, and that the hours claimed are unreasonable.

It is clear, from the application and from the material subsequently furnished, that the estimate of 753 hours expended on 23 projects essentially is counsel's attempt to recollect in 1986, the time and effort he expended during the 4½ year period. Plaintiff's reconstructed estimate of hours is complicated further because the time is claimed in 8-hour increments. Plaintiff contends that 8-hour increments were used for convenience as a method of presentation. The purpose was to level out counsel's work, which in fact, Mr. Press states, ran anywhere from a few hours per day to 12–15 hours per day.

Mr. Press' excuse for his failure to maintain time records is weak. From the beginning of his agreement to represent plaintiff in this matter, both parties recognized that an application for attorney fees would be

submitted if plaintiff prevailed. Any such application necessarily would have to comply with the EAJA or the BPA. The EAJA requires any application for attorney fees to include an itemized statement from the attorney that states the actual time expended, and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B). Mr. Press asserts that, technically, he has satisfied this requirement. The BPA does not contain a similar specific requirement for actual hours and rates. Judicial precedents relative to recovery of attorney fees in litigation with the Federal Government under express statutory exceptions to the American Rule, however, clearly announce that records, in sufficient detail, are required.

■ Plaintiff seeks reimbursement at the rate of $85 per hour. Under both the EAJA and the BPA, plaintiff has the burden of showing that this rate is reasonable. An attorney is entitled, under the EAJA, to receive the rate prevailing in the particular community for similar work. *Bennett v. Dept. of Navy*, 699 F.2d 1140, 1145 (Fed. Cir.1983); *Copeland v. Marshall*, 641 F.2d 880, 892 (D.C.Cir.1980). There is no showing that Mr. Press actually charges an $85/hour rate in his practice, nor is there any evidence that $85/hour is a customary charge in Bayonne, New Jersey, for legal work of the type involved in this case.

The EAJA specifies a $75/hour maximum rate, absent a determination by the court that an increase is justified. Plaintiff has failed to present any information that would support a judicial determination that, because of any special factors, would justify a rate above $75/hour. Nor has plaintiff presented any information that would justify a rate in excess of $75/hour as reasonable under the BPA.

Plaintiff was directed to supplement the application with extracts from counsel's files and diaries that were relied upon to reconstruct the estimate of time spent on the 23 projects. Diary extracts that were submitted consisted, in the main, of blank pages, which were explained as being representative of a situation where counsel was immersed in research or in writing.

Such activities, it is claimed, customarily were not recorded. Whatever writing that was included on diary extracts that were submitted, in nearly all instances, related to matters other than this case. Plaintiff's supplement to the application, however, contains copies of correspondence and other documents, relative to this case, which had not been made available previously.

■ Attachments to the complaint, attachments to the papers relative to the motion to dismiss, and the attachments to the papers relative to the application, contain all of the documents that have significance in the effort Mr. Press exerted on behalf of plaintiff. As a result, there is before the court materials that provide for a basis for an evaluation of counsel's work in terms of skill, legal content, complexity of the issues, and the amount involved and the results obtained.

In the settlement, plaintiff's counsel obtained a judgment of $23,107.28 on a claim for back pay which, when first submitted to the Navy, totaled $23,384.23. Plaintiff contends that defendant's agreement to settle, after failure of its motion to dismiss on the jurisdictional issue, is a recognition of the merits of plaintiff's claim, and amounts to a capitulation. This contention has merit. On the facts, plaintiff's counsel achieved an excellent result. The settlement was the culmination of 4½ years of work that required persistent effort through the MSC, the GAO, the New Jersey District Court, and in this court. The materials before the court indicate there were substantial expenditures of time, talent, and energy in representation of plaintiff on this claim.

Of the 23 projects listed in the application, some clearly warrant favorable consideration in determining the amount of the payment for attorney fees. These six projects represent the core of counsel's efforts in this case. These include: (1) the July 23, 1982, letter in response to MSCLANT's July 18, 1982, proposed disciplinary action letter; (2) the October 7, 1983, letter to GAO responding to the AAR MSCLANT submitted September 23, 1983; (3) plaintiff's June 4, 1985, complaint in this

court; (4) plaintiff's September 10, 1985, response to defendant's motion to dismiss and counsel's preparation for oral argument; (5) counsel's argument on November 13, 1985, on defendant's motion to dismiss; and (6) the April 8, 1986, letter to defendant relative to Appendix G trial preparation materials, and plaintiff's offer of settlement. These projects, Mr. Press contends, represent 504 hours of work. Although no time records substantiate this number of hours, Mr. Press' affidavit asserts that this number of hours represents his best recollection of the amount of work involved.

The remaining 17 projects, for which 249 hours are claimed, although they reflect effort, are of lesser significance or of such generality as to be uncognizable. Any entitlement to compensation for the remaining 17 projects is included in the compensation for the core projects.

On examination and consideration of the documents involved, plaintiff's argument with respect thereto, defendant's contentions in opposition, and in consideration of the entire record, it is concluded that compensation for the six core projects above identified, at the rate of $75 per hour, is a reasonable fee for all of the work counsel performed in this case, including submission and prosecution of this application. The total amount of attorney fees allowed under this calculation is $37,800.

EXPENSES

■ As finally revised, plaintiff's claim for out-of-pocket expenses is $2,660.20 for nine items. The BPA does not provide for reimbursement for expenses. Attorney fees awarded under the BPA, however, may include small amounts for telephone tolls, postage and local transportation costs relative to the case. This coverage is based upon consideration that the hourly rate charged is only an approximation and some variable expenses in servicing a case routinely may be billed to the client. Such expenses are neither taxable costs nor expenses incurred merely for convenience of counsel. *Bennett v. Dept. of Navy,* 699 F.2d at 1143–46. Four items in plaintiff's claim fall into this category: telephone—$263.38; postage (certified)—$10.15; post-age (regular)—$20; and local transportation—$100. These total $393.53. Plaintiff has provided no backup material in support of these expenditures. Inasmuch as defendant concedes that some portion is allowable, in the absence of suitable documentary support, plaintiff will be permitted to recover only 25 percent of the amount claimed, *i.e.,* $98.38.

The remaining five items in plaintiff's itemization of out-of-pocket expenses consists of charges for Federal Express Delivery, and for nonlocal transportation. Reimbursement for these items may not be made under the BPA.

■ The EAJA authorizes reimbursement for expenses. 28 U.S.C. § 2412(d)(1)(A). The definition of "fees and other expenses", however, does not include the type of expenses that are listed in plaintiff's remaining five items. Examples of expenses allowable under the EAJA include the reasonable expenses for expert witnesses, and the reasonable cost of any study, analysis, engineering report, test or project which is found by the court to be necessary for preparation of the party's case. 28 U.S.C. § 2412(d)(2)(A). The expenses allowed by the EAJA are exceptional in nature, and are of a type that do not arise as a matter of course in providing legal services. *Oliveira v. United States,* 11 Cl.Ct. 101, 109 (1986). It is well established that courts will not reimburse parties for such items as travel, telephone and postage. *Massachusetts Fair Share v. Law Enforcement Assistance Administration,* 776 F.2d 1066, 1069–70 (D.C.Cir. 1985) (travel expenses denied); *NAACP v. Donovan,* 554 F.Supp. 715, 719 (D.D.C. 1982) (local transportation expenses not recoverable). Accordingly, plaintiff is not entitled to reimbursement under the EAJA for any of the remaining five items in its claim for out-of-pocket expenses.

## CONCLUSION

Plaintiff is entitled to recover under the BPA $37,800 for attorney fees and $98.38 for miscellaneous expense items. The Clerk is directed to enter judgment for an

award for attorney fees and expenses in total amount of $37,898.38. No costs.