**UNITED CONSTRUCTION COMPANY, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 325–84C.

United States Claims Court.

June 26, 1987.

Charles R. Svoboda, Kansas City, Mo., for plaintiff.

M. Susan Burnett, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. R. Dale Holmes, U.S. Army Corps of Engineers, of counsel.

## ORDER

NETTESHEIM, Judge.

On June 30, 1986, this court awarded plaintiff United Construction Company, Inc. ("plaintiff"), judgment in the amount of $225,799.05. *United Const. Co. v. United States,* 10 Cl.Ct. 257 (1986). Plaintiff applied for attorneys' fees, expenses, and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(a), (d)(1)(A) (Supp. III 1985) (the "EAJA"). On February 19, 1987, plaintiff's application was granted, but only to the extent of attorneys' fees, expenses, and costs that were attributable to plaintiff's preparing to defend against defendant's counterclaim after plaintiff's witness on point had been deposed. *United Const. Co. v. United States,* 11 Cl.Ct. 597, 602 (1987) (order granting in part and denying in part EAJA application). The court also deemed plaintiff entitled to its fees and expenses in connection with presenting its EAJA application. *Id.* Plaintiff was instructed to submit to defendant a recomputation of its claims consistent with this decision.

Plaintiff thereafter claimed $1,350.00 in connection with litigating the counterclaim after discovery and $10,561.00 for fees and expenses incurred in presenting its EAJA application. Defendant resisted paying the full amount for prosecuting the EAJA application (not quarreling with the amount for defending against the counterclaim after discovery), and plaintiff was gracious enough to allow the matter to be reopened only insofar as to address defendant's argument that plaintiff should not be entitled to all of its fees and expenses on the EAJA application. After the court directed briefing on this issue, defendant reformulated the issue as whether plaintiff should be entitled to all or part of the fees and expenses incurred in presenting its EAJA application when plaintiff did not prevail on its application. Technically, defendant should be foreclosed from making either argument. Before the decision on the EAJA application was issued, plaintiff had cited *McCarthy v. United States,* 1 Cl.Ct. 446 (1983), decided by this court. *McCarthy* allowed a partially successful applicant to recover all of its EAJA application fees and expenses. *Id.* 443. However, *McCarthy* is distinguishable on two grounds. First, it was decided before the decision of

the D.C. Circuit that defendant now commends to the court, which will be discussed further; second, the applicant in *McCarthy* was required to defend major jurisdictional arguments concerning the EAJA, as well as the merits issue on which it succeeded. Here, as will be discussed, the issue on which plaintiff prevailed was separable, for purposes of an EAJA award, but consumed minimal attention in plaintiff's EAJA briefing and argument.

Contrary to defendant's formulation of the issue, the question is whether an applicant is entitled to all or part of the EAJA fees and expenses incurred in presenting its application when he prevails only on part of the EAJA application.

Defendant contends that plaintiff's EAJA application should be treated as a separate phase of the litigation. Defendant further contends that if the application is considered separate, plaintiff would not be a prevailing party because the court held that defendant demonstrated that its position in the underlying litigation was substantially justified. Alternatively, defendant argues that even if the application is not a separate phase of the litigation, the decision that the Government's position in this litigation was substantially justified would also preclude an award of fees incurred in making the EAJA application.

The Federal Circuit has stated that it is a matter of judgment for a court to decide whether each motion or issue in a case should be individually evaluated for purposes of an award of attorneys' fees under the EAJA. *Devine v. Sutermeister,* 733 F.2d 892, 896 (Fed.Cir.1984). Although this court did rule that the Government was substantially justified in litigating the issue of the failed pavement, it also held that the Government was not substantially justified in maintaining the counterclaim after the date it had deposed plaintiff's witness on point. A counterclaim is a quintessentially separate issue or phase of a case. It was defendant's idea to prosecute the counterclaim, not plaintiff's to assert it. The counterclaim in this case even involved a special witness. Defendant fails to comprehend that the court held the counterclaim to be a

separate and distinct phase of the litigation on which plaintiff had prevailed and as to which the Government's litigating position was not substantially justified.

■ Defendant on brief expanded its request to reopen the matter also to reconsider the decision that the Government's litigating position on the counterclaim was not substantially justified. This the court will not do. Although defendant did not address the counterclaim in response to plaintiff's EAJA application, plaintiff's application alerted defendant that fees and expenses were sought for defending against the counterclaim. Moreover, after plaintiff had discussed the matter in its brief, Plf's Br. filed Jan. 27, 1987, at 17, defendant addressed this issue in argument. Both parties agreed during argument that the record was complete as to this issue and would allow the court to base its decision on the representations that they made before the court. *See* Transcript of Proceedings, No. 325–84C, at 90 (Feb. 13, 1987). Defendant had its day in court. That was the appropriate time for the Government to demonstrate that its position was substantially justified in pressing the counterclaim after discovery. Defendant failed to do so, and has adduced no basis for granting a motion for reconsideration on this issue, let alone one filed out of time. *See White Mountain Apache Tribe v. United States,* 9 Cl.Ct. 32 (1985) (citing cases) (denial of motion for reconsideration). Similarly, it is too late in the day for defendant to argue that other circumstances make an award for defending against the counterclaim after discovery unjust.

Although it has been established that plaintiff was a prevailing party in the underlying litigation, as well as on the EAJA application to the extent that the Government could not justify its position in maintaining its counterclaim after discovery up until trial was well underway, the court must determine whether it ruled correctly that plaintiff was entitled to full recovery of its EAJA fees and expenses. In allowing plaintiff the full measure of its EAJA fees and expenses, the court cited *Keely v. MSPB,* 793 F.2d 1273, 1275 (Fed.Cir.1986);

*Gavette v. OPM,* 785 F.2d 1568 (Fed.Cir. 1986); *Devine v. Sutermeister,* 733 F.2d at 899. None of the cases discussed whether an applicant who prevailed on the underlying action on fewer than all the issues for which he sought fees and expenses should recover a full award for his EAJA application fees and expenses. Defendant has directed the court's attention to *Cinciarelli v. Reagan,* 729 F.2d 801, 810 (D.C.Cir. 1984). *Cinciarelli* holds that if some, but not all, of the Government's defenses are not substantially justified, the prevailing party should be compensated for combatting those that are not and suggests a *pro rata* award of EAJA fees and expenses. The reasoning of the D.C. Circuit is impressive.

The precept of *Cinciarelli* is that EAJA litigation should end with the court's ruling on the application. Litigating the reasonableness *vel non* of the Government's litigation position on the application leads to an endless process, as described by the D.C. Circuit:

> Yet if we require every victorious EAJA plaintiff to make a separate claim for fees for bringing the first EAJA suit, and permit the government to claim that its first EAJA defense was substantially justified on the merits, we face the distinct possibility of an infinite regression of EAJA litigation. A successful EAJA plaintiff will bring another suit claiming fees for bringing the EAJA suit, and the Government will defend on the ground that is EAJA defense was substantially justified. If the plaintiff wins this suit, yet a third suit will be required to recover fees for the second suit recovering fees. And if the government contests this suit and loses, yet a fourth suit will have been spawned, and so on. In our opinion the per se fee-shifting rule is the least objectionable exit from this Kafkaesque judicial nightmare; in most cases a loss on the generous "substantially justified" EAJA threshold strongly indicates that the government is clinging to an unreasonable position....

729 F.2d at 810 (footnote omitted). *Cinciarelli* suggested the adoption of a *per se* rule on entitlement to EAJA application fees and expenses, but did not decide the issue as the matter had not been briefed and argued. The matter before this court has been briefed, and it is held, consistent with *Cinciarelli,* that if an EAJA applicant is partially successful, he should receive a partial award for EAJA fees and expenses. This should not be a separate proceeding, but a consequence of the decision on the EAJA application. This is the most prudent approach and the only approach that meets the Supreme Court's admonition that an EAJA application should not result in a second major litigation. *United Const. Co.,* 11 Cl.Ct. at 598 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)).

In advising that resolution of the underlying litigation turned on the credibility of experts, the court informed plaintiff in a nonbinding ruling at the close of trial that in all probability an EAJA application would be denied. *See* Transcript of Proceedings, No. 325–84C, at 1344–46 (Apr. 26, 1986). Moreover, the court declined to award costs to the prevailing party, which should have reaffirmed the signal to plaintiff. In its nonbinding ruling, the court did not speak to the counterclaim, as there was nothing on the record to indicate why defendant withdrew it at trial. Thus, before filing its EAJA application plaintiff was on notice that an EAJA application regarding its claims that had been tried would not be successful. Of course, plaintiff was free to press forward for an EAJA award on these claims, as well as on the counterclaim.

■ The court grants plaintiff $1,350.00 for litigating the counterclaim after discovery and $350.00 for fees and expenses that specifically related to the counterclaim on the EAJA application. Plaintiff claimed fees and expenses for defending against the counterclaim in its EAJA application and also briefed the point, but the bulk of its fees and expenses were incurred in traveling to Washington, D.C., to argue the application. This award might appear to be scant when compared to the original amount sought; however, in following *Cinciarelli,* plaintiff should be compensated only in respect of a government litigating

position that was deemed not substantially justified. The counterclaim was minor in comparison to the case as a whole. This is not an appropriate case for requiring plaintiff to recalculate its EAJA fees and expenses attributable to the issue on which it succeeded. It has been almost one year to the day that this court granted judgment for plaintiff, yet this case lingers on with the second round of briefing on an EAJA award. The policies of the EAJA and the interests of judicial administration are served by making a partial award in this case without further proceedings.

Based on the foregoing,

IT IS ORDERED, as follows:

The Clerk of the Court shall enter judgment for plaintiff in the amount of $1,350.00 for defending against defendant's counterclaim after discovery and for $350.00 for a *pro rata* portion of plaintiff's attorneys' fees and expenses in prosecuting its EAJA application on point.

No further costs.