**ESPRIT CORPORATION, INC.**

v.

**The UNITED STATES.**

**Nos. 135–83C, 244–83C.**

United States Claims Court.

Sept. 8, 1988.

Alvin S. Nathanson, Boston, Mass., for plaintiff.

Jeanne A. Anderson, Washington, D.C., with whom was Asst. Atty. Gen., John R. Bolton, for defendant.

## OPINION

MARGOLIS, Judge.

This action comes before the court on plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

## BACKGROUND

On May 16, 1985, the court issued an opinion following trial in which the court made liability determinations adverse to the defendant on several of Esprit's claims but concluded that because the plaintiff had failed to offer credible proof of damages, the plaintiff could not recover. On appeal, the U.S. Court of Appeals for the Federal Circuit vacated the opinion and remanded the case for further consideration of the quantum of damages. *Esprit Corp. v. United States*, 785 F.2d 326 (Fed.Cir. 1985) (unpublished opinion).

On remand, the plaintiff was awarded $32,480.09 plus interest in damages for four of the eleven claims raised in the complaints. For two of these claims, because of the lack of credible testimony, the court was forced to use a "jury verdict" approach to establish damages. *Esprit Corp. v. United States*, Nos. 135–83C & 244–83C (Dec. 23, 1986) (unpublished opinion). This opinion was affirmed on appeal. *Esprit Corp. v. United States*, 831 F.2d 305 (Fed.Cir.1987) (unpublished opinion).

Plaintiff has filed an application for fees and expenses in the amount of $61,583.54, which plaintiff breaks down as follows: $39,531.19 in attorney's fees and expenses; $18,746.93 in consultant fees; and $3,305.42 in miscellaneous expenses.

## DISCUSSION

Enacted in 1980, the purpose of the EAJA was to ensure that certain individuals and small businesses would not be deterred from seeking review of, or defending against, unjustified government action because of the expense involved in securing vindication of their rights in civil actions and administrative proceedings. *Eastern*

*Marine, Inc. v. United States*, 10 Cl.Ct. 184, 186 (1986). The EAJA provides:

[A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further provides that fees and other expenses include "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The EAJA limits attorney fees to $75 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

In *Pierce v. Underwood*, —— U.S. ——, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court interpreted the meaning of the phrase "substantially justified." *Id.*, 108 S.Ct. at 2549–51. The Court rejected the phrase as requiring the government's position to be " 'clearly and convincingly justified' " and instead ruled that the proper test is one of reasonableness. *Id.* at 2551. Accordingly, to preclude the award of attorney's fees, the government's position must be " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 2550.

In its complaints, plaintiff raised eleven claims against the government. All eleven claims were thoroughly briefed, litigated at trial, and discussed in post-trial briefs. "[I]f some, but not all, of the Government's defenses are not substantially justified, the prevailing party should be compensated [in a *pro rata* manner] for combating those that are not [substantially justified]." *United Construction Co., Inc. v. United States*, 12 Cl.Ct. 514, 517 (1987). Because the defendant prevailed in seven of the

eleven claims raised by plaintiff, the government's position in those claims is not amenable to the award of fees and expenses. *See Cinciarelli v. Reagan*, 729 F.2d 801, 810 (D.C.Cir.1984). Therefore, the court must determine whether the government's position was substantially justified in the remaining four claims: the weatherstripping claim, the DEA claim, the transfer switch claim, and the indirect overhead claim.

After a careful review of the record, the court concludes that in three of these four claims, the government's position was not reasonable, and hence, not substantially justified. In the decision on liability, the court determined that both the weatherstripping and the transfer switch claims involved defective specifications. The government was in a position to evaluate and remedy these two claims, but it did not. The government's position in the indirect overhead claim was also unreasonable. Although plaintiff claimed it was entitled to indirect overhead costs for a total of 595 days, the plaintiff was clearly entitled to indirect overhead costs for at least the 167 day extension offered by the government. For the DEA claim, however, the government's position was reasonable. There was an abundance of factual evidence that cast into doubt whether plaintiff suffered any damages as a result of the DEA's failure to promptly vacate the premises. This absence of definitive evidence forced the court to use the "jury verdict" approach to determine damages.

Thus, the defendant's position was not substantially justified in three of the plaintiff's eleven claims. If the plaintiff had provided the court with sufficient documentation of the time spent on each claim, the court would attempt to award fees and expenses based on the amount spent on the three claims in which the government's position was not substantially justified. Due to this failure, the court must attempt to properly allocate the appropriate amount of fees and expenses. In this case, with the material submitted by the plaintiff, the court concludes that the appropriate formula is to award the plaintiff fees and ex-

penses in the same proportion as the number of award justified claims bears to the total claims raised and argued. Thus, plaintiff should recover three elevenths (27.3%) of its reasonable fees and expenses.

■ Plaintiff claims that it is entitled to attorney's fees calculated at $100 per hour because of the limited availability of qualified attorneys in plaintiff's locale that specialize in federal procurement law and because of the complexities of plaintiff's case. The court is not persuaded that the plaintiff has made a sufficient showing that fees in excess of $75 per hour are appropriate. In *Pierce v. Underwood,* 108 S.Ct. at 2553–54, the Supreme Court stated:

> [T]he exception for "limited availability of qualified attorneys for the proceedings involved" must refer to attorneys "qualified for the proceedings" in some specialized sense, rather than just in their general legal competence. We think it refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question.... Examples ... would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.

The court does not believe that the area of federal procurement law involved in this case constitutes the type of specialized skill that justifies an increase in attorney's fees. To rule otherwise would serve to emasculate the effectiveness of the $75 cap as each practice group could argue that it possesses a "specialized skill." Instead, the test seems to be whether the specialized skills are required to competently litigate the case. Such specialized skills were not required in this case. Therefore, the $75 per hour cap on attorney's fees applies to this case.

■ Plaintiff also claims $18,746.93 in "agency fees-consultant fees." While there is some doubt as to whether the EAJA covers "agency-consultant" fees, the court believes that such assistance in this case may be viewed as fees for analysis of the claim. At the same time, "[a] party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expend-

ed, the nature and the need for the service, and the reasonable fee to be allowed." *Martin v. United States,* 12 Cl.Ct. 223, 227 (1987). "Where supporting documentation is inadequate, the award may be reduced accordingly." *Id.*

In this case, the plaintiff has provided the court with scant information on why the consultant, who assisted counsel throughout the litigation but never testified, was necessary to the litigation. As previously stated, this was not a very complex case, and it is not clear to the court why an expert or consultant was required.

Further, the plaintiff does not provide the court with information on the consultant's qualifications, prior experience, or usual rates. Moreover, the record of hours billed by the consultant, although provided, is not sufficiently detailed so as to enable the court to ascertain what exactly the consultant did during the course of the litigation. For example, in several instances time is billed as "telephone call," with no explanation whatsoever of what business was conducted during those calls. Accordingly, the court will allow $6,582, one third of what plaintiff seeks, for what the court believes is a maximum reasonable expenditure for consultant fees for this case.

Plaintiff also has included a list of miscellaneous expenses including photocopying, telephone calls, and travel expenses totaling $3,305, which are recoverable.

Modifying the claims accordingly, if plaintiff was entitled to recover all fees and expenses, it would recover $30,780 in attorney's fees, $6,582 in consultant fees, and $3,305 in expenses, totaling $40,667. Plaintiff is entitled to recover 27.3% of this total, representing the percentage of claims in which the government's position was not substantially justified. Therefore, plaintiff is entitled to recover $11,102.09 in attorney's and consultant fees and expenses for this litigation.

## CONCLUSION

For the reasons stated above, plaintiff's application for attorney and consultant fees and expenses is granted in part. The Clerk

will enter judgment in favor of the plaintiff for $11,102.09. Each party will bear its own costs.