**FORESTWOOD NATIONAL BANK OF DALLAS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 448–84C.

United States Claims Court.

Oct. 19, 1987.

Vic Houston Henry, Dallas, Tex., for plaintiff.

Howard Lipper, Washington, D.C., with whom was Asst. Atty. Gen., Richard K. Willard, Washington, D.C., for defendant.

## AMENDED ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND RELATED COSTS

MOODY R. TIDWELL, III, Judge:

This case having concluded by unpublished Memorandum Order of March 25, 1986, in favor of plaintiff and directing judgment in the amount of $269,000, plaintiff seeks award by the court of attorneys' fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982). Defendant opposes all, or at least partial recovery of fees and expenses. Petitioner is properly before the court; its application was timely filed and it is a small business as defined by the EAJA, 28 U.S.C. § 2412(d)(2)(B) (1982).

### FACTS

In September 1983, Comanche Energy Resources Company (CERCO) was awarded an economic development grant from the Department of the Interior, Bureau of Indian Affairs, in the amount of $500,000. A month later CERCO borrowed $475,000 from plaintiff, Forestwood National Bank of Dallas, to come due two months later on December 27, 1983. The $25,000 difference between the grant and the loan was allocated to interest on the loan. BIA acknowledged the assignment. Notwithstanding its knowledge of the assignment of the proceeds of the grant from CERCO to plaintiff, BIA thereafter paid the grant funds to CERCO. BIA attempted to recover the funds from CERCO but found that CERCO, finding itself with such a windfall, had hurriedly negotiated the check, spent $269,000 and was financially unable to refund the full amount to BIA or pay it over to plaintiff. CERCO eventually refunded the $231,000 balance to BIA which was in turn forwarded to plaintiff. At some point in this time frame, CERCO declared bankruptcy.

Unable to receive voluntary return of the remaining $269,000 from CERCO, plaintiff filed suit against CERCO in the United States District Court for the Northern District of Texas, Dallas Division, on April 26, 1984. That action was, and to the best knowledge of this court, remains stayed

pending the adjudication of CERCO's bankruptcy proceedings in the United States Bankruptcy Court for the Western District of Oklahoma. On September 4, 1984 plaintiff filed a Complaint in this court followed by a motion for summary judgment requesting the court to award it $269,000 pursuant to the assignment, plus attorneys fees, interest and costs.[1] The Memorandum Order of March 25, 1986 followed.

## DISCUSSION

Under the EAJA, the United States is liable for costs, attorneys' fees and expenses to the extent that a private party would be liable, 28 U.S.C. § 2412(b) (1982), and is authorized to pay fees and expenses subsequent to "adversary litigation" connected with the proceeding. 5 U.S.C. § 504 (1982). As held in *Gavette v. Office of Personnel Management*, 808 F.2d 1456, 1459 (Fed.Cir.1986) (*en banc*), the EAJA applies in "civil" actions, *i.e.*, in court proceedings. *See* 28 U.S.C. § 2412(d)(1)(A). In the proper circumstances, the court is required to award fees and other expenses, in addition to costs in a civil action. *Id.*

The Equal Access to Justice Act was first enacted in 1980 for the purpose of ensuring that small businesses could afford to seek review of, or defend against, unjustified action by their government. The Act expired in 1984 but was reenacted and made permanent on August 5, 1985.[2] The standard for recovery under the Act is that a qualified party can recover attorneys' fees and expenses unless defendant can show that its position was substantially justified. *Gavette*, 808 F.2d at 1465–68; 28 U.S.C. § 2412(d)(1)(A) (1982).

The court has already found that petitioner is the prevailing and qualified party as defined under the Act, and is a small business. *E.g., Essex Electro Engineers, Inc. v. United States*, 4 Cl.Ct. 463, 465 (1984), *aff'd*, 757 F.2d 247 (Fed.Cir.1985). Having made those decisions, the court would then ordinarily turn to the issue of whether defendant was substantially justified in its actions, taking into consideration the legal and factual positions of defendant. *Gavette*, 808 F.2d 1467–68.[3]

There is, however, a second major issue which governs the payment of attorneys' fees, expenses and costs, to wit; the fee application must be correct. *Naporano Iron and Metal v. United States*, 825 F.2d 403 (Fed.Cir.1987). The EAJA requires that anyone seeking an award of attorneys' fees and expenses shall submit, among other things, "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses are computed." 28 U.S.C. § 2412(d)(1)(B) (1982).

Applicant's petition contains an affidavit referencing affiant's Exhibit 1 which affiant identified as "a complete, itemized statement for services rendered by [the law firm representing plaintiff] in prosecution of this claim." Affiant continued, "I hereby certify that each item listed on Exhibit 1 reflects time, as noted, for services performed in this cause. The billing rate used ranged from $80 to $150 per hour. The total fee for our services rendered in this cause to date equals $31,372.50." Affiant also stated that it incurred expenses totalling $1,509.71. The heading and a few of the first entries in the log will best describe Exhibit 1.

In Account With
STOREY ARMSTRONG STEGER & MARTIN
TO FEE for services rendered by Storey Armstrong

1. The court notes that costs were allowed to plaintiff in the Memorandum Order of March 28, 1986.

2. Plaintiff's application was properly brought under the 1980 enactment. Although the 1980 enactment was repealed effective October 24, 1984, and plaintiff's application was filed April 25, 1986, the comments to the section indicate that the 1980 enactment governed because 28 U.S.C. § 2412(d) (1982) "continue[d] to apply through final disposition of any action commenced before the date of repeal." Plaintiff

had commenced its suit in the United States Claims Court on September 4, 1984. The same is true regarding 5 U.S.C. § 504 (1982).

3. *Gavette* interpreted the standard of "substantial justification" which defendant must meet to successfully rebut an EAJA petition as "clearly reasonable." "We hold that 'substantial justification' requires that the Government show it was *clearly* reasonable in asserting its position ... in view of the law and the facts." *Gavette*, 808 F.2d at 1467 (emphasis in original).

Steger & Martin regarding Cause No. 448–84–C, styled *Forestwood National Bank v. United States of America* filed in the U.S. Claims Court, Washington, D.C., including:

1984

| 05/16 | 01.00 | Telephone conference with opposing counsel regarding agreed time to extend to answer; conference with opposing counsel regarding joining government. |
|---|---|---|
| 06/15 | 01.00 | Review of Bonner memo regarding joinder of government. |
| 06/19 | 00.75 | Conference with opposing counsel regarding extension; file. |
| 06/26 | 01.50 | Research regarding joining government in district court suit in Court of Claims; review memorandum from law clerk. |

Exhibit 1 continued for 12 pages and listed 152 separate billing events through April 4, 1986. On form AO 291 (10/81), RUSCC Appendix E, plaintiff also listed courier expenses of $445.65, long distance telephone costs of $147.62 and travel expenditures of $916.44.

■ Defendant, in its opposition to the petition, argued that it was clear that some of the billable hours charged to this case arose from plaintiff's lawsuit with CERCO in the district court. Defendant cited several examples, such as the 45 minutes billed on September 18, 1984 for "[c]orrespondence; conference with opposing counsel; answer to counterclaim." Defendant correctly points out that in the case at bar before this court there was no counterclaim, *i.e.*, that cost item did not arise from this case. Defendant also referenced a number of hours spent researching and preparing for the depositions of Messrs. Joe Weller and John Fritz. Those depositions were taken in preparation for the district court action, not this case. Defendant was, as was this court, unable to distinguish between the billable hours listed in Exhibit 1 going to this action versus the action brought by plaintiff against CERCO in the district court.

In its reply brief plaintiff addressed only the issue of whether the United States had acted in a clearly reasonable manner throughout the litigation before this court, giving but short shrift to defendant's argument that the petition was faulty to a point of being meaningless. Plaintiff's only reference to the latter defense was that it was "also meritless."

The court must agree with defendant that such a showing is inadequate to support an award of attorneys' fees. *St. Paul Fire and Marine Ins. Co. v. United States,* 4 Cl. Ct. 762, 771 (1984). Much more detail is needed. *See, e.g., White v. City of Richmond,* 713 F.2d 458, 461 (9th Cir.1983). The court needs contemporaneous records of exact time spent on the case, by whom, their status and usual billing rates, as well as a breakdown of expenses such as the amounts spent copying documents, telephone bills, mail costs and any other expenditures related to the case before the bar of this court. In the absence of such a statement, the court is unable to determine whether the hours, fees and expenses claimed were actually expended on the case-in-chief, and then, whether they were reasonable for any individual item. *St. Paul Fire and Marine Ins.,* 4 Cl. Ct. at 771. The court cannot simply award less attorneys' fees than requested based upon its best guess as to what hours are billable to the case before this court. "The statutory consent to fee awards requires specificity for an award to be made at all." *Naporano Iron and Metal v. United States,* 825 F.2d 403, 405 (Fed.Cir.1987). The court is under no obligation to reconstruct the billing events for plaintiff even if it could. *Id.* The court concludes that plaintiff has failed to submit a properly itemized statement of the actual fees incurred by plaintiff's counsel on the case-in-chief.

■ In addition to the foregoing, the court cannot award fees and expenses to plaintiff unless the court finds that the position of defendant was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The term "substantial justification" was not defined in the Equal Access to Justice Act but the United States Court of Appeals for the Federal Circuit has interpreted the phrase to require that defendant "show that it was *clearly* reasonable in asserting its position, including its position at the agency level, in view of the law and the facts." *Gavette v. Office of Personnel Man-*

*agement,* 808 F.2d 1456, 1467 (Fed.Cir.1986) (*en banc*) (emphasis in original). The Federal Circuit went on, that it is insufficient for defendant to merely show a "colorable legal basis for the government's case." *Id.* The court is of the opinion that defendant has met the test in *Gavette.* The issue was close but upon careful analysis and study of the facts and law the court concludes that defendant, on balance, acted in a clearly reasonable manner. It does not matter that defendant did not prevail on the case-in-chief. *Id.* Both the agency and the trial counsel of the Department of Justice admitted plaintiff's assignment and its right to receive the funds. Both sought to retrieve the funds improperly disbursed to CERCO and, in fact, were at least partially successful. Plaintiff cannot argue that defendant's desire to determine the exact amount of the debt was unreasonable even though it took longer to accomplish than would normally be expected. The court can find no action by defendant in this litigation and at the agency level that was not clearly reasonable.

Therefore, even if plaintiff had filed a proper application for attorneys' fees, it would have been denied. Defendant did not challenge plaintiff's claim for expenses but in light of the court's finding that defendant's actions were clearly reasonable it must also deny the application for expenses.

Plaintiff's application for attorneys' fees and expenses pursuant to the Equal Access to Justice Act is denied. The judgment of October 5, 1987 is vacated. Judgment with respect to costs was entered March 26, 1986, and will not be disturbed by this court. The Clerk is directed to enter judgment accordingly. No costs with respect to plaintiff's Equal Access to Judgment Application.

IT IS SO ORDERED.