852 F.2d 1294
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FORESTWOOD NATIONAL BANK OF DALLAS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1119.
 United States Court of Appeals, Federal Circuit.
 June 28, 1988.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States Claims Court, 13 Cl.Ct. 460 (1987), denying the application of Forestwood National Bank of Dallas for attorney fees and expenses is reversed and remanded.
 
 OPINION
 
 2
 For the government's position to be substantially justified it is not sufficient that it show merely "the existence of a colorable legal basis for the government's case." Gavette v. Office of Personnel Management, 808 F.2d 1456, 1467 (Fed.Cir.1986). Here it unnecessarily and unreasonably delayed the resolution of Forestwood's dispute with the Bureau of Indian Affairs. Forestwood suffered injury by this delay caused solely by a mistake of the Bureau of Indian Affairs. The record does not support the finding that the government's position in this litigation was "clearly reasonable," or substantially justified. See id.
 
 
 3
 Nor does it support denial of attorney fees because of a lack of specificity in Forestwood's application, in light of the then recent Naporano Iron and Metal Co. v. United States, 825 F.2d 403 (Fed.Cir.1987), case. Naporano merely calculated backward and pointed to success in the lawsuit to justify the work done, and then submitted a summary of total hours expended. Id. at 404. Forestwood's application was much more detailed and specific, though perhaps not as specific as Naporano requires. St. Paul Fire and Marine Insurance Co. v. United States, 4 Cl.Ct. 762, 771 (1984), cited by both Naporano and the Claims Court here, granted attorney fees on a substantially less detailed and substantive application than Forestwood's. In White v. City of Richmond, 713 F.2d 458, 461 (9th Cir.1983), also cited, the fee application was broken down by hour and task, much like Forestwood's application. So it appears from the record that Forestwood made a good faith, largely successful, effort to conform to the specificity requirements of the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d)(1)(B) (1982). Whatever deficiencies in the application thought to exist after Naporano was decided apparently would have been corrected by amending the application, but leave for Forestwood to do so was not permitted. We think that in this situation, where the application was filed in apparent compliance with earlier judicial guidance eighteen months before it was acted on by the trial court, and when new requirements were added by an intervening court of appeals decision less than two months before the trial court acted, the court should have permitted the amended application. Trial courts have broad discretion in these matters, but we believe it was exceeded here.
 
 
 4
 We are also told that some of the attorney fees sought here were incurred in district court for work "related" to and used in this case. It appears the court did not consider this aspect of Forestwood's argument, merely disapproving because the fees did not precisely arise in this case. On remand, this will also be open to the court for reconsideration.