## FORESTWOOD NATIONAL BANK OF DALLAS, Plaintiff,

v.

## The UNITED STATES, Defendant.

### No. 448–84C.

United States Claims Court.

Dec. 1, 1988.

Vic Houston Henry, Dallas, Tex., for plaintiff.

Howard Lipper, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## ORDER ON PLAINTIFF'S AMENDED APPLICATION FOR FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT

TIDWELL, Judge:

On October 19, 1987 this court issued an Order in the captioned case denying plaintiff's petition for attorneys' fees under the Equal Access to Justice Act (EAJA) and allowing other expenses. Upon reconsideration the court struck the award of other expenses. On December 8, 1987 plaintiff appealed this court's decision to the United States Court of Appeals for the Federal Circuit. Seven months later, on June 28, 1988, the Court of Appeals reversed and remanded the case to this court. 852 F.2d 1294.

Plaintiff had filed its complaint on the case-in-chief on September 4, 1984 and the case had been assigned to Judge Robert M.M. Seto. Judge Seto issued his Memorandum Order on the case-in-chief in favor of plaintiff on March 25, 1986. On April 25, 1986, plaintiff filed its EAJA petition for fees and expenses. Under Judge Seto's stewardship, the parties briefed the issues in an orderly and timely fashion. On June 20, 1987, Judge Seto left the court and the case was reassigned to these chambers on September 22, 1987. Nine days later these chambers issued the Order denying the petition.[1]

The court found in its October 1, 1987 Order that plaintiff had failed to furnish sufficiently detailed information in justification of its EAJA claim and that the claim included costs incurred in connection with a similar suit filed in the United States District Court for the Northern District of Texas, Dallas Division, which was then in suspension pending the outcome of a second related case in the United States Bankruptcy Court for the Western District of Oklahoma. Rather than permit plaintiff to amend its petition to add specificity and to delete claimed cost items that were not allocable to the case-in-chief, the court denied the petition. On appeal, the Federal Circuit disagreed and found that the petition was, in the main, sufficient to support an award under the EAJA and that if deficiencies existed they could have been corrected by amendment of the petition by plaintiff.

On October 5, 1988, plaintiff filed an amended application that provided the information first sought by this court. Defendant responded that it had "no objection to the [amended] application for attorneys' fees in accordance with the Equal Access to Justice Act," and concluded, "[w]e have reviewed plaintiff's [amended] petition for fees and do not object to the number of hours of compensation sought, nor do we object to the expenses claimed."

Because defendant interposed no objection to payment of the requested fees and costs claimed in the amended application and, as defendant pointed out, "the Court of Appeals for the Federal Circuit has already determined that plaintiff may recover its fees in this action," this court finds that plaintiff is entitled to receive attorneys' fees in the amount of $30,384.38 and expenses, totalling $2,366.18. The Clerk is directed to act accordingly.

IT IS SO ORDERED.

---

1. The facts are set out in detail in the Order of October 19, 1987, 13 Cl.Ct. 460 (1987), and need not be repeated here.